No. 47,943

STATE OF KANSAS *ex rel.* KEITH SANBORN, District Attorney for the 18th Judicial District of Kansas, *Appellee,* v. F. KENT KALB, (substituted party for JAMES T. McDONALD), Secretary, Department of Revenue, State of Kansas, *Appellant.*

(546 P. 2d 1406)

Filed March 6, 1976. (For original opinion see *State, ex rel., v. Kalb,* 218 Kan. 459, 543 P. 2d 872.)

*Donald R. Hoffman,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, and *George F. Waters,* assistant attorney general, were on the brief for the appellant.

*Keith Sanborn,* district attorney, argued the cause, and *Stephen M. Joseph,* assistant district attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Our opinion in this case was filed December 13, 1975. At page 466, it was said:

". . . In addition, we construe 'bona fide . . . fraternal' to require an applicant to satisfy the issuing agency it is an organization with a representative form of government and either that (1) it operates under the lodge system with a ritualistic form of work; (2) it is organized to promote the payment of life, sickness, accident, or other insurance benefits to its members; or (3) it is organized to carry on some worthy civic or service purpose."

Appellee's motion seeks modification of the above statement by adding the words "and operated" after the word "organized" in the two instances where it appears.

The motion is supported by a memorandum which sets forth the argument of appellee. The memorandum points out that the language is subject to two inconsistent constructions; namely, (1) an organization need only be organized for fraternal purposes and need not be engaged in those purposes, or (2) an organization need be organized *and operated* for those fraternal purposes, to be deemed a "bona fide . . . fraternal" organization. Appellee's argument has merit. In order to clarify the decision of this court and prevent any misunderstanding as to the requirements of a "bona fide . . . fraternal" organization, the above quoted statement is stricken from the opinion and the following is inserted in its place:

". . . In addition, we construe 'bona fide . . . fraternal' to require an applicant to satisfy the issuing agency it is an organization with a representa-

tive form of government and either that (1) it operates under the lodge system with a ritualistic form of work; (2) it is organized and operated to promote the payment of life, sickness, accident, or other insurance benefits to its members; or (3) it is organized and operated to carry on some worthy civic or service purpose."

We adhere to our original opinion in all other respects.