No. 48,401

Dennis Raymond Baker, Deceased, Pamela K. Baker, *Appellant,* v. List and Clark Construction Company, and Travelers Insurance Company, *Appellees.*

(563 P.2d 431)

Opinion filed April 9, 1977.

*Richmond M. Enochs,* of Wallace, Saunders, Austin, Brown and Enochs, of Overland Park, argued the cause and was on the brief for appellant.

*Kenneth J. Reilly,* of Boddington, Brown and Unverferth, of Kansas City, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Fatzer, C. J.: This is a Workmen's Compensation proceeding commenced by the dependents of the deceased workman, Dennis Raymond Baker, against his employer, List and Clark Construction Company, and its insurance carrier, Travelers Insurance Company. For reasons hereafter stated, we affirm.

On October 29, 1974, Dennis Raymond Baker sustained personal injury by accident resulting in his death while employed by appellee, List and Clark Construction Company, at the construction site of the Clinton Reservoir in Douglas County. He was survived by his wife and two children, ages six and eight.

A hearing on this matter was had before a Workmen's Compensation Examiner, on September 15, 1975. All required stipulations under the Kansas Workmen's Compensation Act were made in the affirmative by the appellees. Only two issues remained to be decided: (1) the constitutionality of K.S.A. 1975 Supp. 44-510b (*j*); (2) appellant's right to attorney's fees to be assessed against the appellees.

On November 14, 1975, the Workmen's Compensation Director

rendered his findings and award. He found the constitutional question raised by the appellant could not be decided at the administrative level; hence, an award for the maximum allowable benefits under K.S.A. 1975 Supp. 44-510b, subject to the credit provisions of (j) thereof, was made in favor of the dependents of the deceased worker. The appellant's request for attorney fees to be assessed to the appellees was denied. The appellant's contract of employment with her attorney as read into the record at the hearing on September 15, 1975, was approved.

The Director's award was appealed to the district court of Douglas County. That court ruled K.S.A. 1975 Supp. 44-510b (j) was constitutional and affirmed the award in all respects. This appeal followed.

K.S.A. 1975 Supp. 44-510b (j) provides:

"When any benefits are being paid under the federal social security act because of the death of an employee whose dependents are entitled to compensation under this section, the amount of compensation due under this section shall be reduced by an amount equal to one-half (½) of the amount of such social security payments during the time such social security payments are being made to the workman's dependents. The employer shall receive credit on the payment of future compensation otherwise due under the workmen's conpensation act for an amount equal to one-half (½) of the total amount of social security payments made subsequent to a period during which compensation payments were made by the employer, but which are attributable to such period."

The statute under attack is a "set-off" provision which provides that workmen's compensation benefits due the dependents of a deceased employee shall be reduced by a specified formula if such dependents are also being paid under the Social Security Act because of the death of the employee. The set-off provision in the Kansas Act applies only to *death benefits*. A workman's *disability benefits* under the Kansas Act are not reduced if the workman is also receiving disability benefits under the Social Security Act. However, the Social Security Act has a "setoff" provision which applies to disability benefits. Under 42 U.S.C.A., Sec. 424a, social security disability benefits are reduced by a specified formula if the individual entitled to such benefits is also entitled to disability benefits under a state workmen's compensation law.

The combined effect of the set-off provisions of the Social Security Act and Kansas Workmen's Compensation Act, as they presently exist, is that if an employee or his dependents are entitled to benefits under the one act, but not the other, he or they

simply receive those benefits. If they are entitled to benefits under both acts, the combined total benefits are reduced. Under the present statutory scheme, no person or persons entitled to benefits receive the maximum allowable benefits under both acts.

If K.S.A. 1975 Supp. 44-510b (*j*) is held unconstitutional, as appellant urges it should be, the appellant and her children will receive the maximum benefits under both acts. The social security death benefits will be paid regardless of what benefits appellant receives under the Workmen's Compensation Act.

The appellant contends K.S.A. 1975 Supp. 44-510b (*j*) is unconstitutional on three grounds. Where the statute is applied to the decedent's widow and two children, the appellant argues it is a denial of their right to due process and equal protection under the law as guaranteed by the constitutions of the United States and the State of Kansas. The appellant further contends the legislature's passage of K.S.A. 1975 Supp. 44-510b (*j*) abrogated the deceased's contractual rights in violation of Article I, Section 10, of the United States Constitution which forbids the impairment of contracts.

Long-standing and well-established rules govern this court's review of the constitutionality of a statute. In *Tri-State Hotel Co. v. Londerholm*, 195 Kan. 748, 408 P.2d 877, we said:

"This court is by the Constitution not made the critic of the legislature, but rather, the guardian of the Constitution; and every legislative act comes before this court surrounded with the presumption of constitutionality. That presumption continues until the Act under review clearly appears to contravene some provision of the Constitution. All doubts of invalidity must be resolved in favor of the law. It is not in our province to weigh the desirability of social or economic policy underlying the statute or to question its wisdom; those are purely legislative matters. . . ." (*Id.* 760)

In *Brown v. Wichita State University*, 219 Kan. 2, Syl. 3, 547 P.2d 1015, we held:

"It is the court's duty to uphold the statute under attack, if possible, rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done."

Guided by these principles, and based on the following reasoning, we have concluded the statute under attack is constitutional.

The appellant's equal protection argument is essentially that the classification created by K.S.A. 1975 Supp. 44-510b (*j*) is

arbitrary and unreasonable. She contends the "set-off" provision which reduces payments under the Workmen's Compensation Act to widows with minor children, but not to widows without minor children or recipients of disability benefits, constitutes a denial of her right to equal protection under the law.

A state may create a statutory classification of persons within the scope of its police power. Classification necessarily involves discrimination. Yet it is only invidious discrimination with no rational basis for the statutory classification that offends the equal protection guarantee. *Dandridge v. Williams,* 397 U. S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153.

*Reed v. Reed,* 404 U. S. 71, 30 L. Ed. 2d 225, 92 S. Ct. 251, teaches that a classification:

". . . 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " *Id.* at 76.

*Accord, Henry v. Bauder,* 213 Kan. 751, 518 P. 2d 362.

The statutory classification created by K. S. A. 1975 Supp. 44-510b (*j*) includes dependents of a deceased workman who are entitled to payments under both the Workmen's Compensation Act and the Social Security Act as a result of the workman's death. This class of persons could include the minor children (42 U.S.C.A. Sec. 402 [d]), mothers or fathers of minor children (Sec. 402 [g]) (*see, Weinberger v. Wiesenfeld,* 420 U. S. 636, 43 L. Ed. 2d 514, 95 S. Ct. 1225), widows or widowers over sixty or over fifty with a disability (Sec. 402 [e] [f]), and parents (Sec. 402 [h]) of a deceased person covered by the Social Security Act.

As previously noted, the existing statutory scheme operates to prevent duplication of benefits under the Workmen's Compensation Act and the Social Security Act. We note in passing that the existence of other statutes may be taken into consideration in determining the constitutional validity of a particular statute. 16 Am. Jur. 2d Constitutional Law, Sec. 497 (1964). This statutory scheme appears to be consistent with a leading treatise on workmen's compensation:

"Once it is recognized that workmen's compensation is one unit in an overall system of wage-loss protection, rather than something resembling a recovery in tort or on a private accident policy, the conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed. Since most social legislation in the United States has appeared in unrelated fragments,

lack of coordination resulting in cumulation of benefits is quite common; but newer legislation, including the Social Security compensation offset provision, is more carefully drawn to prevent this result." 4 A. Larson, The Law of Workmen's Compensation, Sec. 97.00 (1976).

The treatise goes on to state:

"Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds, of wages lost due to the three major causes of wage-loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit. This conclusion is inevitable, once it is recognized that workmen's compensation, unemployment compensation, nonoccupational sickness and disability insurance, and old age and survivors' insurance are all parts of a system based upon a common principle. If this is denied, then all coordination becomes impossible and social legislation becomes a grab-bag of assorted unrelated benefits." *Id.* at Sec. 97.10.

Resort to the legislative history of K.S.A. 1975 Supp. 44-510b (*j*) sheds some light on the basis for the statutory classification. This statute was part of House Bill 1715 enacted in the 1974 Legislative Session (1974 Kan. Sess. Laws, Ch. 203). House Bill 1715 was a result of recommendations by the Special Committee on Employer-Employee Relations, which conducted a general review of Kansas Workmen's Compensation Law toward the end of updating and improving the statutes. *See* Report on Kansas Legislative Interim Studies to the 1974 Legislature 3-1-18 (part 1). In the course of its extensive study, the Special Committee gave specific consideration to the recommendations of the President's National Commission on State Workmen's Compensation Laws. The provisions of Section 11 (*j*) of House Bill 1715 (now K. S. A. 1975 Supp. 44-510b [*j*]) parallel recommendation 3.27 of that Report:

"We recommend that workmen's compensation death benefits be reduced by the amount of any payments received from Social Security by the deceased worker's family." The Report of the National Commission on State Workmen's Compensation Laws 73 (July, 1972).

The basis for this recommendation is explained in part as follows:

"This offset provision, in conjunction with our other recommendations for

death benefits, would provide substantial protection at a lower cost to the employer than if workmen's compensation benefits were to duplicate Social Security benefits. More important, the offset would add equity to the workmen's compensation system because two families would not receive different benefits merely because only one was eligible for the Social Security benefits. Moreover, all surviving families would be assured of a continuing income of the same general magnitude, rather than being subject to wide swings in family income resulting from the in-and-out characteristics of Social Security benefits." *Id.*

Based on the foregoing, we conclude K. S. A. 1975 Supp. 44-510b (*j*) does not offend the equal protection guarantee. When the system of wage-loss protection is viewed as a whole, avoiding duplication or overlapping of benefits appears to be a reasonable legislative objective. It may be said that the classification created by the statute has a rational basis, is not arbitrary, and affords like treatment to persons similarly situated.

The appellant next contends her right to receive workmen's compensation benefits is a vested property right which cannot be taken away without the safeguards of procedural due process. We do not agree.

In *Richardson v. Belcher*, 404 U. S. 78, 30 L. Ed. 2d 231, 92 S. Ct. 254, the United States Supreme Court determined a person covered by the Social Security Act did not have a vested right in the accrued benefits:

"In our last consideration of a challenge to the constitutionality of a classification created under the Social Security Act, we held that 'a person covered by the Act has not such a right in benefit payments as would make every defeasance of "accrued" interests violative of the Due Process Clause of the Fifth Amendment.' *Flemming v. Nestor*, 363 U. S. 603, 611 (4 L. Ed. 2d 1435, 1444, 80 S. Ct. 1367). The fact that social security benefits are financed in part by taxes on an employee's wages does not in itself limit the power of Congress to fix the levels of benefits under the Act or the conditions upon which they may be paid. Nor does an expectation of public benefits confer a contractual right to receive the expected amounts. Our decision in *Goldberg v. Kelly*, 397 U. S. 254 (25 L. Ed. 2d 287, 90 S. Ct. 1011), upon which the District Court relied, held that as a matter of procedural due process the interest of a welfare recipient in the continued payment of benefits is sufficiently fundamental to prohibit the termination of those benefits without a prior evidentiary hearing. But there is no controversy over procedure in the present case, and the analogy drawn in *Goldberg* between social welfare and 'property,' 397 U. S., at 262 n. 8 [(25 L. Ed. 2d at 295)], cannot be stretched to impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits." *Id.* at 80-81.

We think the nature of workmen's compensation benefits is substantially the same as the nature of social security benefits.

*Richardson v. Belcher,* supra, characterized social security benefits as "public benefits." Professor Larson views workmen's compensation benefits as also being of the nature of public benefits—another unit in an overall system of wage-loss protection. *See,* 4 A. Larson, The Law of Workmen's Compensation, Secs. 97.00, 97.32 n. 24 (1976). "Both Social Security and Workmen's Compensation are social welfare legislation." *Lofty v. Richardson,* 440 F.2d 1144, 1151 (6th Cir. 1971).

A distinction can be made between social security and workmen's compensation benefits. The liability of an employer to an injured or deceased employee arises out of the contract between them; the terms of the workmen's compensation statute are embodied in the contract. The substantive rights between the parties are determined by the law in effect on the date of the injury. *See, Lyon v. Wilson,* 201 Kan. 768, 443 P.2d 314. However, the rights under the contract vest when the cause of action accrues, and the cause of action accrues on the date of injury or death. *Id.*

Prior to the date of injury or death, the right to workmen's compensation benefits is substantially the same as the right to social security benefits. Before the cause of action accrues, the expectation of workmen's compensation benefits does not amount to a vested property right which cannot be taken away without a prior notice and hearing. In the case at bar, a set-off provision became effective July 1, 1974; the cause of action accrued on October 29, 1974. The appellant never had a vested right to benefits not allowed by the set-off provision.

The foregoing conclusion does not mean the legislature is subject to no constitutional restraint in modifying the Workmen's Compensation Act. We think the due process clause protects the recipient of workmen's compensation benefits from arbitrary governmental action as surely as it protects the interests of an employee covered by the Social Security Act from such arbitrary action. *Flemming v. Nestor,* 363 U.S. 603, 4 L. Ed. 2d 1435, 80 S. Ct. 1367.

The Workmen's Compensation Act is the appellant's exclusive remedy for the death of her husband. K.S.A. 44-501. The appellant asserts that but for the Workmen's Compensation Act she would have a cause of action for wrongful death. Through application of the set-off provision, she not only loses her cause of action, but also loses her right to compensation under her exclusive remedy. This, she contends, is a denial of due process.

Protection from arbitrary governmental action is the essence of due process. 16 Am. Jur. 2d *Constitutional Law*, Sec. 550 (1964). In *Richardson v. Belcher*, supra, it was said:

". . . If the goals sought are legitimate, and the classification adopted is rationally related to the achievement of those goals, then the action of Congress is not so arbitrary as to violate the Due Process Clause of the Fifth Amendment." (404 U. S. at 84)

As we noted in discussing the appellant's equal protection argument, a desire to avoid duplication of payment of public benefits seems a permissible legislative objective. The set-off provision seems rationally related to the achievement of this goal. We cannot say K.S.A. 1975 Supp. 44-510b (*j*) manifests a patently arbitrary classification lacking in rational justification so as to violate the due process clause.

The appellant next contends the Legislature's passage of K.S.A. 1975 Supp. 44-510b (*j*) abrogated the deceased's contractual rights in violation of Article I, Section 10, of the United States Constitution. We disagree.

Article I, Section 10, of the United States Constitution provides that no state shall pass any law impairing the obligation of contracts. This constitutional prohibition applies only to laws enacted after the making of the contract.

". . . The obligation of a contract cannot properly be said to be impaired by a statute in force when the contract was made . . ." 16 Am. Jur. 2d *Constitutional Law*, Sec. 440, at 787.

". . . [T]he legislature has the power to take away by statute that which has been given by statute except when to do so would obviously amount to the impairment of a vested right. The recall of such a privilege is not an impairment of the obligation of contracts." *Id.* Sec. 443, at 792.

The terms of the workmen's compensation statute are embodied in the contract of employment between the employer and employee. The substantive rights between the parties are determined by the law in effect on the date of the injury. Rights under the contract vest when the cause of action accrues; the cause of action accrues on the date of injury or death. *Lyon v. Wilson*, supra. Changes made in the workmen's compensation law prior to the date of vesting are not an impairment of contract.

The appellant's final contention is that the district court erred in failing to assess attorney's fees against the appellee as required

under the provisions of K.S.A. 1975 Supp. 44-536 (*h*). Again, we conclude the ruling below was not in error.

Sections (*a*) and (*b*) of K. S. A. 1975 Supp. 44-536 provide that all attorney's fees in connection with the initial or original claim for compensation shall be fixed pursuant to a written contract between the attorney and the employee or his dependents, and that the fee with respect to any and all proceedings in connection with any initial or original claim for compensation shall not exceed twenty-five percent of the amount of compensation recovered and paid, in addition to actual expenses incurred. The contract must be filed with the Director; the Director will approve the contract only if it is in accordance with all provisions of 44-536.

Counsel for the appellant has not seen fit to include his contract of employment in the record. The contract was approved by the Director, so he was satisfied it was consistent with all the provisions of 44-536. The appellee's brief states that the contract between the appellant and her attorney calls for no payment of attorney's fees should the court uphold the set-off provision under attack as constitutional. This was confirmed at oral argument.

The appellant's attorney contends he is due an attorney's fee payable by the appellee under K.S.A. 1975 Supp. 44-536 (*h*) regardless of the terms of his contract of employment with his client. We do not agree. The contract of employment controls attorney's fees through the ultimate disposition of the original claim, including appeal to the Supreme Court. Section (*h*) merely provides an alternate source for payment of attorney's fees allowable under the contract when the social security set-off provision operates. Section (*h*) appears to be designed to ensure that attorney's fees allowable under the contract of employment will not be reduced when the social security set-off provision operates. The section cannot be read to allow the attorney greater fees when the set-off provision applies than would otherwise be allowed under the contract of employment. The Director and the district court did not err in denying the appellant's request that attorney's fees be assessed against the appellee.

The judgment is affirmed.

Schroeder, J., dissenting:
I must respectfully dissent. K. S. A. 1976 Supp. 44-510b (*j*)

which provides a workmen's compensation "offset" in the case of the death of an employee covered both by workmen's compensation and social security should be declared unconstitutional.

Basically the workmen's compensation law takes from an employee the common-law right to sue the employer for damages negligently inflicted in return for payment of limited or scheduled benefits for disability or death arising out of and in the course of employment. This court has held if a workman can recover workmen's compensation under the Workmen's Compensation Act for an injury the remedy is exclusive, and one cannot maintain a common-law action for damages founded upon negligence against the party from whom he could have recovered compensation under the Act. (K.S.A. 1976 Supp. 44-501; *Moeser v. Shunk*, 116 Kan. 247, 251, 226 Pac. 784; *Woods v. Cessna Aircraft Co.*, 220 Kan. 479, 482, 553 P.2d 900, and authorities cited therein.)

This court has also held that substituting one's rights under the Workmen's Compensation Act for one's common-law tort remedies does not violate constitutional guarantees. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193, reh. 93 Kan. 257, 144 Pac. 249; and *Woods v. Cessna Aircraft Co.*, supra at 482.) (See also 81 Am. Jur. 2d, Workmen's Compensation, Sec. 21, pp. 715-716.)

Here the court has a situation where both common-law rights and workmen's compensation benefits are removed. Such a situation, in my opinion, violates due process and contravenes the Bill of Rights, Sec. 18, which reads:

"All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

Furthermore, the provisions of K. S. A. 1976 Supp. 44-510b (j) violate the equal protection clause. Under the Kansas Workmen's Compensation Act as now constituted, a widow with no children would receive the full amount of compensation benefits with no offset. However, a widow with children, who certainly has the greater need for wage replacement, receives an offset almost totally equaling her workmen's compensation benefits.

If one's dependents were to receive private insurance monies, no offset would be applied to reduce the workmen's compensation benefits. Although one does not have an accrued property right in social security benefits (*Flemming v. Nestor*, 363 U.S. 603, 4 L.Ed. 2d 1435, 80 S. Ct. 1367), social security benefits may

fairly be compared to private insurance. In *Andler v. Andler,* 217 Kan. 538, 538 P.2d 649, this court noted:

"The United States Congress has seen fit to place the federal government in the role of insurer in order to afford members of the work force the protection and security of insurance against future disability. The fundamental nature of the Social Security system is a form of insurance in every sense of that word. Benefits paid out by a governmental insurer, under a policy of insurance for which the insured has paid premiums, are no more gratuitous than benefits paid out by a private insurance company. . . ." (p. 543.)

Similarly if one's dependents were to receive other federal funds, such as veteran's administration benefits, no offset would be applied.

If one covered by the Kansas Public Employees Retirement System (K. S. A. 74-4901 *et seq.*), the Kansas Police and Firemen's Retirement System (K. S. A. 74-4951 *et seq.*), or the Kansas Army and Air National Guard benefits (K. S. A. 48-261 *et seq.*) were to die from an accident arising out of and in the course of duty, no offset would be applied.

If one were to become disabled but not die, no workmen's compensation offset would be applied by the State of Kansas. Why should an offset be applied to death benefits under the Kansas Workmen's Compensation Act and no others?

It should also be noted when an employee dies, 44-510b (*j*), *supra,* rewards an employer who may have been negligent by awarding a credit on the payment of future compensation otherwise due under the Workmen's Compensation Act for a total equal to one-half (½) of the total amount of social security payments made subsequent to a period during which compensation payments were made by the employer, but which are attributed to such period. Workmen's compensation insurance costs are based on the actual loss experience of industry groups and of individual employers. This gives the employer a direct financial incentive to improve safety on the job. If workmen's compensation costs are absorbed into the social security program, employers without safety programs and those whose employment is hazardous would pay no more than those who have adopted safety programs or who have less hazardous employment.

Under federal and Kansas equal protection constitutional provisions, a state statute may single out a class of persons for distinctive treatment only if the classification bears a rational

relation to the purpose of the legislation. (*Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362.) Applying that test, I would hold 44-510b (*j*), *supra,* unconstitutional.

It must be admitted in *Richardson v. Belcher,* 404 U.S. 78, 30 L.Ed. 2d 231, 92 S.Ct. 254, the United States Supreme Court upheld an offset in the *social security benefits* for workmen's compensation *disability* benefits received, a situation somewhat the reverse of the situation which faces the court. That case may be distinguished in three ways.

First, the offset was applied to social security benefits, not to workmen's compensation benefits for which one has surrendered common-law tort remedies.

Second, the offset applied to all workmen's compensation disability benefits to whomever paid. That offset did not distinguish between a widow with children and a widow without children, and further adopt the irrational policy of punishing a widow with children.

Third, the court showed that without the offset in 35 of the 50 states, a typical worker injured in the course of his employment and eligible for both state and federal benefits received compensation for his disability in excess of his take-home pay prior to the disability. In a death benefit case such reasoning is inapplicable. The fear that an injured employee who receives disability benefits under workmen's compensation and social security in excess of his take-home pay prior to the disability will not return to work is valid. A fear that an employee will commit suicide or that the dependent's total benefits will exceed the take-home pay prior to death is irrational.

Three other states, Colorado, Montana and Minnesota, apply some kind of deduction to workmen's compensation benefits for social security benefits. (4 Larson, Workmen's Compensation Law, Sec. 97.35 [1976].) Only Minnesota appears to apply the deduction to death cases. (Minn. Stat. Ann. 1976 Supp. Sec. 176.101[4].) No constitutional challenge has been made to the Minnesota statute. Although not precisely on point, *O'Donnell v. State Farm Ins.,* 70 Mich. App. 487, 245 N. W. 2d 801 (1976), held a statute which reduces the amount of recoverable no-fault benefits by the amount of compensation paid under any state or federal law to be unconstitutionally discriminatory. Such reasoning is applicable here.

Senate Bill No. 198 now pending before the 1977 session of the legislature would repeal K. S. A. 1976 Supp. 44-510b (*j*).

It is respectfully submitted 44-510b (*j*), *supra*, should be declared unconstitutional.

OWSLEY, J., joins in the foregoing dissenting opinion.