(580 P.2d 1366)
No. 49,344

EARL BOYD, *Appellant,* v. BARTON TRANSFER & STORAGE, INC., and THE HOME INSURANCE COMPANY, *Appellees.*

Petition for review denied September 13, 1978.

Opinion filed June 30, 1978.

*Roger Sherwood,* and *Steven L. Foulston* and *Ross D. Alexander* of Foulston & Alexander, of Wichita, for the appellant.

*Ross A. Hollander* and *James B. Zongker* of Render & Kamas, of Wichita, for the appellees.

Before SPENCER, P.J., REES and MEYER, JJ.

SPENCER, J.: Plaintiff has appealed from a judgment denying his claim for workmen's compensation and from the dismissal of his separate action against defendant for damages.

On January 7, 1976, plaintiff was injured in the course of his part-time employment with defendant. Plaintiff was sixty-two years of age at the time and was receiving approximately $240 per month in social security old age benefits. He was aware of how much money he could earn before becoming ineligible for social security and did not intend to exceed that amount. His average earnings were $95 per week.

The examiner found that plaintiff suffered temporary total disability for thirty weeks and thereafter fifteen percent perma-

nent partial disability. Compensation was denied, however, on the basis of Laws of 1974, Ch. 203, § 16(c), since repealed and last found at K.S.A. 1976 Supp. 44-510f(c), which provided:

"An employee shall not be entitled to compensation benefits for permanent total disability, temporary total disability or partial disability, under the workmen's compensation act, from and after the date when he shall be entitled to and during such period as he shall receive federal old age social security benefits, reduced or unreduced."

The denial of compensation was affirmed by the director and plaintiff appealed to the district court. Plaintiff then filed a negligence action against defendant which was consolidated with the appeal from the denial of compensation. The district court upheld the constitutionality of K.S.A. 1976 Supp. 44-510f(c) and affirmed the denial of compensation. The district court also upheld the constitutionality of K.S.A. 44-501, the exclusive remedy provision, and dismissed plaintiff's separate negligence action against defendant.

On appeal, plaintiff has renewed his constitutional attack on K.S.A. 1976 Supp. 44-510f(c), contending that it violated due process and equal protection. Because of the manner in which we dispose of the question, we do not reach those issues.

In determining the constitutionality of a statute, the reviewing court should first ascertain whether a construction of the statute is fairly possible by which the constitutional question may be avoided. *Pernell v. Southall Realty,* 416 U.S. 363, 365, 40 L.Ed.2d 198, 94 S.Ct. 1723 (1974). We believe such a construction is possible here. As we read K.S.A. 1976 Supp. 44-510f(c), an ambiguity exists as to whether it applies to those who like plaintiff are injured while employed in a part-time job after normal retirement and after they have started to receive social security old age benefits. We conclude that the legislature did not intend the statute to so apply and, therefore, reverse the denial of compensation.

K.S.A. 1976 Supp. 44-510f(c) was enacted in 1974 as part of House Bill 1715, a comprehensive revision of the workmen's compensation laws. The bill was the result of recommendations of the Special Committee on Employer-Employee Relations. Adopting the position that "[t]he primary purpose of [workmen's compensation] benefits is to replace some proportion of wage loss, actual or potential . . . ." (Report on Kansas Legislative

Interim Studies to the 1974 Legislature, Part 1, p. 3-2), the bill sought to eliminate any duplication of wage-loss benefits by different programs. Two types of offsets for federal social security benefits were included. The first was a reduction in workmen's compensation benefits in appropriate cases for any social security death benefits being received by surviving dependents. Laws of 1974, Ch. 203, § 11(*j*), last found as K.S.A. 1976 Supp. 44-510b(*j*). This provision has also been since repealed. The second, with which we are concerned, was the elimination of workmen's compensation benefits "from and after" eligibility and "during" such time as the worker should receive social security old age benefits.

In *Baker v. List and Clark Construction Co.,* 222 Kan. 127, 563 P.2d 431 (1977), the Supreme Court upheld the constitutionality of the first type of setoff involving death benefits received by dependents. In doing so, the court quoted extensively from 4A Larson, The Law of Workmen's Compensation 97.00 and 97.10 (1976), as follows:

" 'Once it is recognized that workmen's compensation is one unit in an overall system of wage-loss protection, rather than something resembling a recovery in tort or on a private accident policy, the conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed. Since most social legislation in the United States has appeared in unrelated fragments, lack of coordination resulting in cumulation of benefits is quite common; but newer legislation, including the Social Security compensation offset provision, is more carefully drawn to prevent this result . . . .

" 'Wage-loss legislation is designed to restore to the worker a portion, such as one-half to two-thirds, of wages lost due to the three major causes of wage-loss: physical disability, economic unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage loss merely dictates the category of legislation applicable. Now if a workman undergoes a period of wage loss due to all three conditions, it does not follow that he should receive three sets of benefits simultaneously and thereby recover more than his actual wage. He is experiencing only one wage loss and, in any logical system, should receive only one wage-loss benefit. This conclusion is inevitable, once it is recognized that workmen's compensation, unemployment compensation, nonoccupational sickness and disability insurance, and old age and survivors' insurance are all parts of a system based upon a common principle. If this is denied, then all coordination becomes impossible and social legislation becomes a grab-bag of assorted unrelated benefits.' " (222 Kan. at 130-131.)

This statement appears to encompass the legislature's intent in enacting K.S.A. 1976 Supp. 44-510f(*c*). In certain circumstances, that section operated to eliminate a duplication of benefits. For

example, a schedule has been established which limits the number of weeks that wage replacement (expressed in terms of 66⅔ percent of the average gross weekly wage) may be received for particular permanent partial disabilities. K.S.A. 1976 Supp. (now 1977 Supp.) 44-510d. Should an injured worker have only a part of the specified number of weeks of employment left before retirement, workmen's compensation would provide the wage-loss benefit up to the time social security comes into effect. As long as workmen's compensation is not viewed as a substitute for tort recovery but as wage-loss protection only, the cutoff of workmen's compensation at the time of retirement and initial receipt of old age social security benefits would be reasonable. The worker would suffer only one wage loss, but continued workmen's compensation after retirement would duplicate the wage-loss replacement of the old age social security benefits which begin at that time.

On the other hand, workers such as the plaintiff here, who are already retired and receiving social security old age benefits before starting work on a part-time job to supplement those benefits, suffer a second wage loss when they are injured in the course of their employment. Should K.S.A. 1976 Supp. 44-510f(c) be applicable to such workers, it would totally preclude any replacement of the wages which they are entitled to earn over and above old age social security benefits. As such, it would not prevent "duplication" but would operate to preclude the wage replacement which it was the intent of the legislature to provide through the Workmen's Compensation Act.

It is a fundamental rule of statutory construction that the legislative intent behind a statute be ascertained wherever possible, and the legislative intent governs its construction even though the literal meaning of the words used therein is not followed. *State, ex rel., v. City of Overland Park,* 215 Kan. 700, 527 P.2d 1340 (1974). In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978). When the interpretation of a section of an act according to the exact and literal import of its words would contravene the manifest purpose

of the legislature, the entire act should be read according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law. *State, ex rel., v. Kalb,* 218 Kan. 459, 543 P.2d 872 (1975), modified on other grounds, 219 Kan. 231, 546 P.2d 1406 (1976).

From what has been said, we conclude that the legislature did not intend K.S.A. 1976 Supp. 44-510f(*c*) to apply to plaintiff and those similarly situated, even though the literal wording of that provision might seem to include them. It follows that plaintiff should not have been denied compensation under the act. Because of our conclusion, plaintiff's other arguments against the application of the statute are moot.

Plaintiff has also appealed from the dismissal of his separate negligence action against defendant, contending that K.S.A. 44-501, the exclusive remedy provision, is unconstitutional in that workmen's compensation coverage is no longer optional.

As it existed prior to 1974, the Workmen's Compensation Act was optional with employers and employees. See K.S.A. 44-542 and 543. In making the act compulsory (K.S.A. 1977 Supp. 44-505[a]), the legislature repealed 44-542 and amended 44-543. Certain exceptions, not applicable here, remain to compulsory coverage. K.S.A. 44-501 continues to provide that the act is the exclusive remedy of an employee for an injury "for which compensation is recoverable" under the act.

Prior to the amendments making coverage compulsory, the Kansas act was upheld against constitutional challenges on the ground that it was optional with the employer and employee. *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193 (1914); rehearing, 93 Kan. 257, 144 Pac. 249 (1914); *Smith v. Packing Co.,* 115 Kan. 874, 225 Pac. 110 (1924); *Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273, 65 P.2d 284 (1937).

Plaintiff does not specify on what ground he contends compulsory coverage to be unconstitutional, but compulsory acts of other states have been upheld against various challenges. 81 Am. Jur. 2d, Workmen's Compensation §§ 10 and 11, pp. 706-708. See also, *New York Central R.R. Co. v. White,* 243 U.S. 188, 61 L.Ed. 667, 37 S.Ct. 247 (1917); *Hawkins v. Bleakly,* 243 U.S. 210, 61 L.Ed. 678, 37 S.Ct. 255 (1917); *Mountain Timber Co. v. Washington,* 243 U.S. 219, 61 L.Ed. 685, 37 S.Ct. 260 (1917).

A statute comes before the court with a presumption of consti-

tutionality and it is the duty of one attacking the statute to sustain the burden of proof. *State ex rel. Schneider v. Liggett,* 223 Kan. 610, 616, 576 P.2d 221 (1978). We conclude that K.S.A. 44-501 has not been shown to be unconstitutional because coverage of the Workmen's Compensation Act is now compulsory. The dismissal of plaintiff's separate negligence action against defendant is therefore affirmed.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with directions to enter judgment in conformity with this opinion.