(599 P.2d 1031)

No. 50,937

WILLIAM H. BROWN, *Appellant,* v. GOODYEAR TIRE & RUBBER COMPANY and TRAVELERS INSURANCE COMPANY and WORKMEN'S COMPENSATION FUND, *Appellees.*

Petition for review granted December 6, 1979.

Opinion filed September 21, 1979.

*George E. McCullough* and *John Ostrowski,* of McCullough, Wareheim & LaBunker, of Topeka, for the appellant.

*John C. Peterson,* of Topeka, for the appellee Workmen's Compensation Fund.

Before FOTH, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: Claimant William H. Brown appeals from an order terminating his workmen's compensation disability award payments. The order was based upon K.S.A. 1974 Supp. 44-510f(c), which was repealed effective July 1, 1977. Claimant specifies the trial court erred on three points: (1) permitting the Workmen's Compensation Fund to proceed on the motion for review and modification pursuant to K.S.A. 1978 Supp. 44-528; (2) refusing to find that the repeal of K.S.A. 1974 Supp. 44-510f(c) applied to his award; and (3) failing to hold K.S.A. 1974 Supp. 44-510f(c) unconstitutional.

The facts in this case are undisputed. On May 5, 1976, the examiner entered an order finding that the claimant was totally disabled as a result of a work-related accident suffered on November 1, 1974, and entered an award in his favor and against the Kansas Workmen's Compensation Fund. The claimant was awarded total disability benefits as well as medical expenses. The findings of the examiner were upheld by the director and were affirmed by the district court of Shawnee County.

On September 5, 1977, Brown became sixty-five years old and since that date has been entitled to and receiving federal old age social security benefits. On October 11, 1977, the Fund filed a motion for modification and termination of the disability benefits. In its motion the Fund sought an order terminating the claimant's workmen's compensation benefits as of September 5, 1977, on the ground that the claimant was no longer entitled to these benefits under the provisions of K.S.A. 1974 Supp. 44-510f(c), which was in effect on the date of the claimant's injury. Following a hearing on the motion the examiner entered an order terminating the claimant's disability benefits and stating that the Workmen's Compensation Fund would not be liable for further benefits to the claimant so long as he received social security

benefits. The order was sustained by the director and affirmed by the district court of Shawnee County.

The claimant's first point on appeal alleges procedural error. The Fund petitioned to terminate the claimant's benefits pursuant to the review and modification provisions of K.S.A. 1978 Supp. 44-528. Without question the facts of this case do not come within the purview of that statute. However, K.S.A. 1978 Supp. 44-534 provides that the workmen's compensation director does have authority to resolve disputes between claimants and respondents relative to the payment of benefits awarded under the act. Further, the parties appeared before the director on facts that were undisputed and the claimant has failed to show that any prejudice resulted from holding hearings on the termination motion. We therefore find that there was an adequate procedural basis under K.S.A. 1978 Supp. 44-534 to support the termination hearings.

The claimant next urges that K.S.A. 1974 Supp. 44-510f(c) was procedural and its repeal was applicable to the benefits he was to receive under his original disability award. As a result, he argues, his benefits should not be terminated as of his sixty-fifth birthday.

The Fund contends that the statute is substantive and the general rule that substantive rights are determined by the law in effect on the date of the injury should be invoked to permit the Fund to terminate claimant's disability benefits. In addition, it argues, a statute will not be given retroactive application if the result would impair vested rights in existence at the time of its passage. *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 552 P.2d 998 (1976).

When the claimant was injured on November 1, 1974, K.S.A. 1974 Supp. 44-510f(c) read as follows:

"(c) An employee shall not be entitled to compensation benefits for permanent total disability, temporary total disability or partial disability, under the workmen's compensation act, from and after the date when he shall be entitled to and during such period as he shall receive federal old age social security benefits, reduced or unreduced."

This section was repealed effective July 1, 1977.

Both parties agree that the issue turns on whether K.S.A. 1974 Supp. 44-510f(c) is determined to be procedural or substantive in nature. Neither party has cited any case law which directly answers this question. Claimant has characterized this action as

one involving the collection of his award. The Fund argues that it is the amount and nature of the award itself which forms the basis of the action. The claimant relies upon *Crow v. City of Wichita,* 222 Kan. 322, 566 P.2d 1 (1977), which held that K.S.A. [1978 Supp.] 44-512a was remedial and did not operate to impair vested rights of the workman or the employer. However, 44-512a governs the remedies which a claimant has when an employer or insurer defaults upon the compensation payments. This action is distinguishable from *Crow* because 44-512a does not alter the total amount due under a workmen's compensation award, but only affects the time when such payments become due. And further, since employers or insurance carriers retain total control over whether those payments are made in a timely fashion, they possess the ability to completely avoid the operation of the statute.

In *Baker v. List and Clark Construction Co.,* 222 Kan. 127, 563 P.2d 431 (1977), the Supreme Court upheld the constitutionality of K.S.A. 1975 Supp. 44-510b(*j*), a setoff provision providing that workmen's compensation benefits owed to a deceased employee's dependents must be reduced by a specified formula if those dependents were also receiving social security benefits due to the death of the employee. During its discussion as to whether the statute offended the safeguards of procedural due process, the court noted that the setoff provision became effective on July 1, 1974. The claimant's cause of action accrued on October 29, 1974, which was the date the employee sustained injuries resulting in his death, and therefore "[t]he appellant never had a vested right to benefits not allowed by the set-off provision." *Baker,* 222 Kan. at 133. Although *Baker* does not constitute a clear precedent for this action, the general scope of the discussion therein regards the statutory setoff provisions of the Workmen's Compensation Act as part of the substantive rights of the parties. Here the claimant was injured and an award was entered while the provisions of 44-510f(*c*) were in effect.

K.S.A. 77-201 provides:

"*First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed."

Both this statute and *Baker* support the Fund's contention that

the claimant's entitlement to workmen's compensation vested at the date of his injury in accordance with the provisions of 44-510f(*c*), in effect at that time. The repeal of that statute cannot now be used to increase those rights.

Accordingly, we find that K.S.A. 1974 Supp. 44-510f(*c*) is substantive in nature and its subsequent repeal does not affect an award for an injury sustained while it was in force. Since the claimant's entitlement to disability benefits became vested on the date of his injury, his award was subject to setoff provisions of 44-510f(*c*). The repeal did not increase the amount of Brown's disability payments by extending the time during which he could receive them beyond his sixty-fifth birthday.

Finally, the claimant urges that 44-510f(*c*) was unconstitutional while in effect because it denied due process and violated equal protection by creating a classification based upon age. Under the statute, disability benefits were to terminate from and after the date a claimant became entitled to and during which time he did receive old age social security benefits. The claimant contends that the district court erred in upholding the statute's constitutionality by relying upon *Baker v. List and Clark Construction Co.,* 222 Kan. 127, which held that 44-510b(*j*) was constitutional. He asserts *Baker* is distinguishable because 44-510b(*j*) only *partially* reduced workmen's compensation benefits, whereas 44-510f(*c*) *totally* eliminates disability benefits when old age social security benefits are being received. Claimant also urges that in *Boyd v. Barton Transfer & Storage,* 2 Kan. App. 2d 425, 580 P.2d 1366, *rev. denied* 225 Kan. 843 (1978), this court should have addressed the constitutional question involved in this case. His citations of cases from other jurisdictions and from Larson's treatise on workmen's compensation provide only limited support for his arguments and need not be addressed here, since principles dispositive of the issue are contained in *Baker* and *Boyd.*

As noted above, *Baker* upheld 44-510b(*j*) which had been attacked as unconstitutional for (1) denying the right of due process, (2) violating the equal protection clause, and (3) impairing the obligation of contracts. Here, the first two of these challenges are made by claimant with respect to 44-510f(*c*). Both 44-510b(*j*) and 44-510f(*c*) are setoff provisions of the Kansas Workmen's Compensation Act as affected by the Social Security

Act. Claimant first attacks the statute for creating an unconstitutional age classification discriminating against persons age sixty-five and over. Traditional equal protection rules must govern his challenge.

*Baker* acknowledged: "A state may create a statutory classification of persons within the scope of its police power. Classification necessarily involves discrimination. Yet it is only invidious discrimination with no rational basis for the statutory classification that offends the equal protection guarantee." The classification must bear a fair and substantial relation to the purpose of the legislation. *Baker v. List and Clark Construction Co.,* 222 Kan. at 130, relying upon *Reed v. Reed,* 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251 (1971); *Dandridge v. Williams,* 397 U.S. 471, 25 L.Ed.2d 491, 90 S.Ct. 1153, *rehearing denied* 398 U.S. 914 (1970); *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974). Citing 4 A. Larson, The Law of Workmen's Compensation, § 97.00, 97.10 (1976), and the Report on Kansas Legislative Interim Studies to the 1974 Legislature 3-1-18, the court characterized the Workmen's Compensation Act as a system of wage-loss protection, and preventing the duplication of benefits was viewed as a reasonable legislative objective. "It may be said that the classification created by the statute has a rational basis, is not arbitrary, and affords like treatment to persons similarly situated." *Baker,* 222 Kan. at 132.

The court also disposed of the due process argument mounted in *Baker* by stating that the right to workmen's compensation benefits is substantially similar to the right to social security benefits. *Richardson v. Belcher,* 404 U.S. 78, 30 L.Ed.2d 231, 92 S.Ct. 254 (1971), held that a person covered by social security had no vested right in the accrued benefits and similarly the court in *Baker* said: "Before the cause of action accrues, the expectation of workmen's compensation benefits does not amount to a vested property right which cannot be taken away without a prior notice and hearing." *Baker,* 222 Kan. at 133. The cause of action accrued in *Baker* after the effective date of the setoff provision and consequently the claimant never had a vested right to benefits not allowed under the setoff provision. Further, due process essentially requires protection from arbitrary governmental action and the court found that 44-510b(*j*) did not display "a patently arbitrary classification lacking in rational justification so as to violate the due process clause." *Baker,* 222 Kan. at 134.

The setoff provision challenged in this action withstands allegations of unconstitutionality on grounds similar to those described in *Baker.* When viewed as part of a wage-loss compensation program, the termination of benefits under 44-510f(c), like 44-510b(j), does not really penalize the injured worker. By preventing a duplication of benefits under the Workmen's Compensation Act and the Social Security Act, the provision places the worker in the same position as fellow workers who have retired and are drawing old age social security benefits. At that point he is no longer subject to wage loss. It is only his disability benefits that are affected. After retirement the wage loss experienced by a worker is not caused by injury, but by retirement. A worker could retain workmen's compensation benefits by staying in the labor market and not retiring. The setoff provision of 44-510f(c) does not apply to any medical compensation that might be owed under an award of compensation.

The claimant argues that the purpose of the Workmen's Compensation Act "is to burden the industry with the economic loss to a workman, or his dependents, resulting from accidental injury sustained by the workman arising out of and in the course of his employment," *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 180, 211 P.2d 89 (1949), and that the "arbitrary" classification under 44-510f(c) frustrates this statutory purpose by shifting the economic loss to the employee. However, as already discussed above, this contention is without merit.

In *Boyd v. Barton Transfer & Storage,* 2 Kan. App. 2d 425, the constitutionality of K.S.A. 1976 Supp. 44-510f(c) was directly challenged. However, we decided the case without reaching that constitutional question. Nevertheless, we find the dicta in *Boyd,* clearly supporting the constitutionality of the statute, persuasive in this action.

In *Boyd* we explained that 44-510f(c) was part of a plan to eliminate duplication of wage-loss benefits in the workmen's compensation program and the Social Security Act. The legislature promulgated the section to effectuate the primary purpose of the Workmen's Compensation Act, *i.e.,* to compensate for actual or potential wage loss. *Boyd,* 2 Kan. App. 2d at 426, 427, relying upon Report on Kansas Legislative Interim Studies to the 1974 Legislature, Part 1. *Boyd* recognized that the reasoning in *Baker*

*v. List and Clark Construction Co.*, 222 Kan. 127, upholding the constitutionality of 44-510b(*j*), would equally apply to circumstances, such as here, where an injured worker would be subject to cutoff at retirement and upon receipt of old age social security benefits. Such a cutoff would be reasonable because "continued workmen's compensation after retirement would duplicate the wage-loss replacement of the old age social security benefits which begin at that time." *Boyd*, 2 Kan. App. 2d at 428. The wage-loss theory provides a reasonable basis for the offset, even if the social security benefits are lower than the workmen's compensation benefits, since the former amount is the same the worker would have received even if he had retired without having been injured. We therefore find that 44-510f(*c*) is constitutional.

Claimant also interjects an argument based upon 29 U.S.C. § 623 (1976) with his discussion of the constitutional question. His argument that 44-510f(*c*) violates the federal provision is without merit. 29 U.S.C. § 623 provides:

(a) "It shall be unlawful for an employer—-

. . . .

"(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age . . . .

. . . .

(f) "It shall not be unlawful for an employer, employment agency, or labor organization—-

"(1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age."

Claimant urges that the entitlement to workmen's compensation benefits is a privilege of employees working in Kansas and as such is encompassed within 29 U.S.C. § 623. 44-510f(*c*) does not constitute employer discrimination on the basis of age. Even if the statute involved age discrimination, it would still be authorized under § 623 (f) (1) because "the differentiation is based on reasonable factors other than age," *i.e.*, prevention of duplication of wage-loss benefits.

We hold that it was not error for the termination hearings to be conducted even though relief was sought under the provisions of K.S.A. 1978 Supp. 44-528, since statutory authority was available under K.S.A. 1978 Supp. 44-534 to support the relief requested;

that K.S.A. 1974 Supp. 44-510f(c) is substantive and not procedural or remedial in nature; and finally, that K.S.A. 1974 Supp. 44-510f(c) was constitutional while in effect and did not deprive the claimant of his constitutional rights.

Judgment is affirmed.