No. 80,858

PRESTON DICKENS, JR., *Appellant,* v. PIZZA COMPANY, INC., and FIREMAN'S FUND INSURANCE COMPANY, *Appellees.*

(974 P.2d 601)

Opinion filed March 5, 1999.

*M. John Carpenter,* of Carpenter Law Office, of Great Bend, argued the cause and was on the brief for appellant.

*Richard A. Boeckman,* of Keenan & Boeckman Law Firm, P.A., of Great Bend, argued the cause and was on the brief for appellee.

*Timothy A. Short,* of Spigarelli, McLane & Short, of Pittsburg, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

SIX, J.: This case concerns workers compensation offsets to social security benefits under K.S.A. 1998 Supp. 44-501(h). The claimant, Preston Dickens, Jr., was injured in an automobile collision while delivering pizzas for his employer, Pizza Company, Inc. (Pizza Hut). The Workers Compensation Board (Board) reduced his workers compensation benefits because he receives social security benefits. Dickens appeals.

The Kansas Trial Lawyer's Association has filed an *amicus curiae* brief supporting Dickens' position.

Our jurisdiction is under K.S.A. 20-3017 (transferred on motion by appellant).

We have two issues for review: (1) Do the offset provisions of K.S.A. 1998 Supp. 44-501(h) apply to social security retirees injured while working to supplement their income, and (2) if so, is K.S.A. 1998 Supp. 44-501(h) constitutional as applied to claimant and others similarly situated?

Because the answer to the first issue is "no," we do not reach issue two.

## FACTS

Dickens retired at age 64. One year after retirement, he took a job with Pizza Hut to supplement his social security income. Dickens worked for Pizza Hut 8 years before his injury in an auto collision. At the time of the injury, Dickens was receiving $149.54 per week in social security retirement benefits. His average weekly income from delivering pizzas was $183.26. Dickens was aware of how much he could earn without decreasing his social security benefits. He did not intend to exceed that amount.

As a result of his injuries, Dickens now suffers from serious cognitive difficulties, including short-term memory loss, unsteady gait, impaired balance, and a shortened attention span.

The administrative law judge (ALJ): (1) determined Dickens had a 38 per cent functional impairment rating to the body as a whole and a 100 per cent impairment in his ability to work at any occupation and (2) computed Dickens': (a) temporary impairment and total body disability amounts and (b) the appropriate lien and future payments under K.S.A. 44-504 resulting from settlement of Dickens' tort claim. The parties acknowledge these computations were correct.

The ALJ rejected Pizza Hut's claim that Dickens' award should be offset by his social security benefits under K.S.A. 1998 Supp. 44-501(h). The ALJ reasoned that K.S.A. 1998 Supp. 44-501(h) was intended to prevent the duplication of benefits. According to the ALJ, Dickens' award would not duplicate social security. Rather, the workers compensation benefits would attempt to restore Dickens to the position he was in at the time of his injury (earning a modest wage to supplement his social security benefits). The ALJ relied on *Boyd v. Barton Transfer & Storage*, 2 Kan. App.

2d 425, 580 P.2d 1366, *rev. denied* 225 Kan. 843 (1978). *Boyd* held that a prior statutory offset provision did not apply to retirees injured while supplementing their social security retirement income.

The Board reversed the ALJ's decision not to offset Dickens' award under K.S.A. 1998 Supp. 44-501(h). The Board reasoned that the offset provisions of K.S.A. 1998 Supp. 44-501(h) apply "regardless of whether the social security benefits were being paid prior to an accident or were started after an accident occurred."

## DISCUSSION

K.S.A. 1998 Supp. 44-501(h) provides:

> "If the employee is receiving retirement benefits under the federal social security act or retirement benefits from any other retirement system, program or plan which is provided by the employer against which the claim is being made, any compensation benefit payments which the employee is eligible to receive under the workers compensation act for such claim shall be reduced by the weekly equivalent amount of the total amount of all such retirement benefits, less any portion of any such retirement benefit, other than retirement benefits under the federal social security act, that is attributable to payments or contributions made by the employee, but in no event shall the workers compensation benefit be less than the workers compensation benefit payable for the employee's percentage of functional impairment."

The question is whether the K.S.A. 1998 Supp. 44-501(h) offset applies to Dickens. The issue of offsetting workers compensation benefits by social security benefits is not a new one in Kansas. K.S.A. 44-510f(c), enacted in 1974, was the predecessor of K.S.A. 1998 Supp. 44-501(h). K.S.A. 1974 Supp. 44-510f(c) survived an equal protection challenge in *Brown v. Goodyear Tire & Rubber Co.*, 3 Kan. App. 2d 648, 599 P.2d 1031 (1979), *aff'd* 227 Kan. 645, 608 P.2d 1356 (1980), but it was repealed in 1977.

In 1993, the legislature made sweeping changes to the Workers Compensation Act. L. 1993, ch. 286. See Rebein, *The Kansas Response to the Crisis in Workers Compensation: An Overview of the 1993 Amendments to the Kansas Workers Compensation Act*, 62 J.K.B.A. 30 (June/July 1993). A new provision, K.S.A. 1998 Supp. 44-501(h) (the section at issue here) was added. K.S.A. 1998 Supp. 44-501(h) again allowed workers compensation award offsets by social security and added offsets for other retirement benefits. See

L. 1993, ch. 286, § 24. (Contributions made by employees to such retirement plans may not be included in the offset calculations.)

We recently upheld an equal protection challenge to K.S.A. 1998 Supp. 44-501(h) in *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 870, 942 P.2d 591 (1997). Relying on *Baker v. List and Clark Construction Co.*, 222 Kan. 127, 563 P.2d 431 (1977), and *Brown*, we said: "[T]he social security offset in K.S.A. [1998 Supp.] 44-501(h) is rationally related to the valid state interest of preventing the duplication of wage loss replacement benefits." *Franklin*, 262 Kan. at 870.

*Boyd,* the case relied on by the ALJ, held that K.S.A. 1976 Supp. 44-510f(c) did not apply to a worker who had already retired, but was working to supplement his social security income. 2 Kan. App. 2d at 429. *Boyd* concluded "that the legislature did not intend K.S.A. 1976 Supp. 44-510f(c) to apply to plaintiff and those similarly situated, even though the literal wording of that provision might seem to include them." 2 Kan. App. 2d at 429. The *Boyd* court reasoned that a retired person who works to supplement social security income suffers a second wage loss when injured in the course of supplemental employment. 2 Kan. App. 2d at 428. Preventing compensation for a second wage loss was inconsistent with the intent of K.S.A. 1976 Supp. 44-510f(c) to avoid wage-loss duplication. There is no wage-loss duplication in the scenario of a worker injured after receiving social security benefits.

In *Franklin* we declined to comment on the application of the *Boyd* facts to K.S.A. 1998 Supp. 44-501(h). We said: "[A]n analysis of these questions is best saved until a more appropriate time." *Franklin*, 262 Kan. at 871. The appropriate time has arrived. Dickens' case represents a *Boyd* factual situation.

Our standard of review for decisions of the Board is set out in K.S.A. 77-601 *et seq.* Interpretations of statutory provisions are questions of law over which we have unlimited review. *Burton v. Rockwell International*, 266 Kan. 1, Syl. ¶ 1, 967 P.2d 290 (1998).

The Board ruled the language "is receiving" in K.S.A. 1998 Supp. 44-501(h) does not differentiate between the worker injured while already receiving social security and the worker who is injured and later becomes eligible for social security. Because the

legislature did not differentiate between these groups, the Board reasoned K.S.A. 1998 Supp. 44-501(h) applies to both groups.

In Kansas, the Workers Compensation Act has traditionally been viewed as " 'one unit in an overall system of wage-loss protection, rather than something resembling a recovery in tort . . . . [T]he conclusion follows that duplication of benefits from different parts of the system should not ordinarily be allowed.' " *Baker*, 222 Kan. at 130 (quoting 4A Larson, The Law of Workmen's Compensation, § 97.00 [1976]). The offset provision in K.S.A. 1998 Supp. 44-501(h) is consistent with preventing wage-loss duplication. See *Franklin*, 262 Kan. at 870. Dickens points out however, that here, as in *Boyd*, application of K.S.A. 1998 Supp. 44-501(h) does not prevent wage-loss duplication. Rather, applying 44-501(h) "denies him the benefits that all other injured workers receive as a result of wage loss caused by disability."

Pizza Hut suggests that here we are dealing with a different statute than the one at issue in *Boyd*. We agree. K.S.A. 1998 Supp. 44-501(h) is different from its predecessor K.S.A. 1974 Supp. 44-510f(c). First, K.S.A. 1998 Supp. 44-501(h) provides for offsets of other types of retirement benefits besides social security. Second, K.S.A. 1998 Supp. 44-501(h) does not allow an offset of the functional impairment award.

K.S.A. 1998 Supp. 44-510e(a) defines functional impairment as "the extent, expressed as a percentage, of the loss of a portion of the total physiological capabilities of the human body." Functional impairment focuses on the physiological losses to the body. Dickens' functional impairment was found to be 38 per cent. K.S.A. 1998 Supp. 44-501(h) directs that there be no offset against that portion of Dickens' award.

Pizza Hut focuses on this second difference, arguing K.S.A. 1998 Supp. 44-501(h), unlike its predecessor, does not totally preclude compensation for social security recipients. Pizza Hut contends *Boyd* does not apply because the offset provision of K.S.A. 1998 Supp. 44-501(h), unlike K.S.A. 1976 Supp. 44-510f(c), still entitles Dickens to receive some compensation for his functional impairment.

We are not persuaded. The *Boyd* court was concerned, as we are here, with disparate treatment of individuals such as Dickens, seeking to supplement social security income, compared to other social security beneficiaries. The functional impairment provision of K.S.A. 1998 Supp. 44-501(h) does not address the disparate treatment question. The non-retired worker who is injured and *later* becomes eligible for social security also receives the same functional impairment award, unreduced by social security benefits.

The fundamental rule of statutory construction is to determine legislative intent whenever possible. *Boyd*, 2 Kan. App. 2d at 428 (citing *State, ex rel., v. City of Overland Park*, 215 Kan. 700, 527 P.2d 1340 [1974]). In determining legislative intent, we are not limited to a mere consideration of the language used in the statute. *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 (1978).

The 1993 amendments were enacted generally to reduce the cost of workers compensation insurance premiums. See Rebein, 62 J.K.B.A. at 30-31. K.S.A. 1998 Supp. 44-501(h) in particular was added to prevent duplication of wage-loss benefits. *Franklin*, 262 Kan. at 870. Legislative intent governs construction of a statute even though the literal meaning of the words used in the statute is not followed. We hold the Board's interpretation is contrary to the intent of K.S.A. 1998 Supp. 44-501(h).

The *Boyd* court recognized that issues of wage-loss duplication are not at issue in the retired income earner situation. *Boyd* said: "[W]orkers such as the plaintiff here, who are already retired and receiving social security old age benefits before starting work on a part-time job to supplement those benefits, suffer a second wage loss when they are injured in the course of their employment." 2 Kan. App. 2d at 428. The *Boyd* analysis is sound. Although a different version of a set-off statute is at issue here, the reasoning of *Boyd* is applicable to Dickens.

We reverse the Board and affirm the ALJ's award.