# TILLSON *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 227. Submitted December 19, 1888. — Decided January 14, 1889.

In a contract by which the owner of a quarry on an island on the coast agrees to furnish and deliver at a public building in the interior the granite required for its construction, at specified prices by the cubic foot, and to furnish all the labor, tools and materials necessary to cut, dress and box the granite at the quarry, the United States, under a stipulation to pay " the full cost of the said labor, tools and materials, and insurance on the same," are not bound to pay anything for insurance, unless effected by the other party; nor are they, under a stipulation to

"assume the risk of damage to cutting on said stone while being trans-
ported to the site of said building," bound to pay any part of the expense
of raising granite sunk by a peril of the sea with its cutting uninjured.

THE case is stated in the opinion.

*Mr. Halbert E. Paine* for appellant.

*Mr. Assistant Attorney General Howard* (with whom was
*Mr. W. I. Hill*) for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a suit to recover money under contracts made in
1873 and 1877 between the supervising architect of the Treas-
ury, in behalf of the United States, and the petitioners. The
Court of Claims dismissed the petition. 20 C. Cl. 213. The
petitioners appealed, and at the argument in this court have
insisted upon two claims only.

By the contract of 1873, the petitioners agreed to cut and
furnish from their quarry at Hurricane Island in the State of
Maine, and to deliver at St. Louis in the State of Missouri, as
much granite as might be required for the construction of a
custom-house at St. Louis; the United States agreed to pay
them specified prices by the cubic foot for the granite upon its
delivery and acceptance at the site of the custom-house; the
petitioners agreed "to furnish all the labor, tools and mate-
rials necessary to cut, dress and box at the quarry all the
granite aforesaid;" and the United States agreed to pay them
"in lawful money of the United States, the full cost of the
said labor, tools and materials, and insurance on the same,
increased by fifteen per centum thereof."

The Court of Claims found as facts that in performance of
this contract the petitioners delivered at St. Louis a large
quantity of dressed granite, which was transported by sea
from Hurricane Island to Baltimore, and thence by railway to
St. Louis. It also found the reasonable price and value of
marine insurance on the granite from Hurricane Island to
Baltimore, as compared with the value of the granite, and

with the cost of cutting it; that no part of such insurance or of fifteen per cent thereon had been paid to the petitioners; and that no insurance on the granite was actually effected or paid for by them.

The first claim is based upon the clause in this contract by which the United States agreed to pay to the petitioners "the full cost of the said labor, tools and materials, and insurance on the same." The petitioners contend that the insurance thus agreed to be paid for is insurance on the cost of the labor, tools and materials used, that is to say, on that part of the value of the cut granite which was represented by the cost of the labor, tools and materials used in cutting and boxing it.

We have not found it necessary to consider whether the words "insurance on the same" mean insurance on the granite, or insurance on the cost of the labor, tools and materials used in cutting and boxing it, or only insurance on the materials so used; because, it being found as a fact that the petitioners never did effect or pay for any insurance whatever, we are clearly of opinion that they are not entitled to recover anything for insurance. The United States have not agreed to obtain insurance, or to become insurers themselves, but only to pay to the petitioners the "cost of insurance," which is as much as to say, reasonable premiums of insurance paid by the petitioners. By the terms of the contract, the United States are no more bound to pay for insurance which has not been effected, than for tools or materials which have not been used, or for labor which has not been performed.

The second claim arises under the contract of 1877, in which the contract of 1873 was modified; the clause as to insurance omitted; the petitioners agreed to furnish, cut, dress and box and deliver at St. Louis the granite required for the exterior walls of the building; and the United States "assume all risk of damage to cutting on said stone while being transported to the site of said building, provided such damage does not result from the carelessness or negligence of" the petitioners.

A vessel laden with granite cut and dressed under this con-

tract was sunk at sea by collision, and her cargo was raised by wreckers employed by the master, and was taken to Baltimore in another vessel. The petitioners seek to recover from the United States such a proportion of the expense of raising the cargo as the value of the cutting bore to the whole value of the granite.

But the only risk assumed by the United States under this contract was of "damage to cutting on said stone while being transported," which evidently looks only to injuries to the smooth surface or the sharp edges of the cut granite in the course of transportation, and not to a loss, by a peril of the sea, of the granite with its cutting uninjured. Such a loss, as well as any expenses incurred by the petitioners in recovering the granite, fell upon them by virtue of their agreement to deliver the granite at St. Louis.

*Judgment affirmed.*