Dorothy A. **MEYER,** Claimant-Petitioner,

v.

The **INDUSTRIAL COMMISSION OF COLORADO,** (Ex-Officio Department of Labor and Employment), Charles McGrath, Director of the Division of Labor, Frontier Airlines, Inc., and Niagara Fire Insurance Company, Respondents.

No. 80CA0673.

Colorado Court of Appeals, Div. III.

Nov. 19, 1981.

Rehearing Denied Dec. 10, 1981.

Certiorari Denied April 5, 1982.

Law Offices of L. B. Ullstrom, Thomas J. Byrne, Denver, for claimant-petitioner.

Weller, Friedrich, Hickish & Hazlitt, Jeffrey S. Detlefs, Denver, for respondent Frontier Airlines, and Niagara Fire Ins. Co.

J. D. MacFarlane, Atty. Gen., Robert Hyatt, Asst. Atty. Gen., Denver, for Industrial Commission and Charles McGrath.

Carroll & Bradley, P. C., John S. Carroll, Westminster, for amicus curiae Colorado Trial Lawyers Ass'n.

DeMoulin, Anderson, Campbell & Laugesen, Robert L. McGahey, Jr., Robert Weinberger, Denver, for amicus curiae Colorado Defense Lawyers Ass'n.

SMITH, Judge.

The sole issue to be decided on this appeal is the constitutional validity of § 8–50–103, C.R.S.1973 (1980 Cum.Supp.), which provides for a dollar for dollar reduction of Workmen's Compensation death benefits for any death benefits received under the Federal Old Age, Survivors' and Disability Act (Social Security Act) and thus the validity of an order issued pursuant thereto. We uphold the validity of this statute and affirm the order.

Because the only issue in this case concerns the constitutionality of § 8–50–103, the case was referred to the Supreme Court for a determination of jurisdiction pursuant to § 13–4–110(1)(a), C.R.S.1973. In an unnumbered order dated August 18, 1980, the Supreme Court ruled that jurisdiction properly lies with the Court of Appeals to review Industrial Commission cases in which the constitutionality of a statute is in question. This order is quoted in, and was used as the basis for jurisdiction in *Matthews v. Industrial Commission*, Colo.App., 627 P.2d 1123 (1980). Accordingly, the question of the constitutional validity of § 8–50–103 is properly before this Court.

The facts are not in dispute. Dennis A. Meyer died in a work-related accident on January 18, 1978. His employer, Frontier Airlines and its insurance carrier, Niagara Fire Insurance Company, filed an admission of liability with the Division of Labor for compensation payable to decedent's dependents. Claimant, Dorothy A. Meyer, and respondents agreed on the issue of dependency and the amount of decedent's average weekly wage. Claimant then filed a motion for an award of full compensation without the reduction required by § 8–50–103, C.R.S.1973. The motion was denied and an order was entered directing respondents to compute the amount due claimant taking into consideration the 100% Social Security offset. Accordingly, the $555.92/month award to which claimant was entitled under the Workmen's Compensation Act was completely offset by the $822.60/month payable pursuant to the Social Security Act. The hearing officer also declined to resolve the issue of the statute's constitutional validity.

Claimant exhausted her administrative remedies as required by statute and duly perfected this review proceeding.

Claimant contends that the offset provision of § 8–50–103, C.R.S.1973, constitutes a deprivation of property without due process. The essence of her argument can be expressed in the following syllogism:

A legal right to recover damages for an injury constitutes a property right;

The Workmen's Compensation benefits are a statutory substitute for claimant's right to sue for damages in tort;

Therefore, the decrease in benefits by way of offset is a deprivation of property.

Following the rationale of *Myers v. Colorado*, 162 Colo. 435, 428 P.2d 83 (1967), we disagree with claimant's conclusion.

At issue in *Myers* was the constitutionality of a similar Workmen's Compensation offset provision applicable to disability situations. The court recognized the basic principle that state-created benefits exist only to the extent that the applicable statute so determines saying:

"We do not perceive any constitutional infirmity in this statute. Workmen's Compensation benefits are fixed by statute, and the statute not only creates, but measures the benefits to be thus received." 162 Colo. at 441, 428 P.2d at 86.

In *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971) the United States Supreme Court reached the same

conclusion in analyzing a comparable Social Security offset provision. That court declined to accept claimant's analogy to the property interest recognized in social welfare cases, pointing out that the comparison could not be used to impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits.

Under Colorado and Federal constitutional law principles, there simply exists no constitutionally protected property right in Workmen's Compensation benefits; therefore, the offset provision in question does not infringe on claimant's Fourteenth Amendment due process rights.

 Moreover, the premises on which claimant bases her conclusion are flawed. We note first that the right to recover damages for wrongful death is itself wholly a creature of statute that was non-existent at common law. *Hindry v. Holt*, 24 Colo. 464, 51 P. 1002 (1897). Further, we cannot agree with the implication in claimant's second premise that the General Assembly lacks the power to restrict the access to the courts that it has itself created. *Cf. Jones v. Hildebrant*, 191 Colo. 1, 550 P.2d 339 (1976), *cert. denied*, 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977).

 Claimant also argues that an internal inconsistency exists between § 8–50–103 and § 8–44–101(2), C.R.S.1973, because the latter provision makes it unlawful in most situations for an employer to require an employee to pay all or any part of the cost of Workmen's Compensation insurance that an employer is statutorily required to maintain. Claimant suggests that because the Social Security Insurance system is financed to the extent of 50% by employee "contributions," the practical effect of Colorado's offset provision is that the employee is paying for his Workmen's Compensation in contravention of § 8–44–101(2), C.R.S. 1973.

The infirmity of this argument appears readily from reading the words of § 8–44–101(2) in context according to their common usage. Section 2–4–101, C.R.S.1973. "Pay-ment of the cost of insurance" refers to payment of premiums to maintain such insurance. *Cf. Tillson v. United States*, 129 U.S. 101, 9 S.Ct. 255, 32 L.Ed. 636 (1888). Claimant would not seriously contend that § 8–44–101(2), prohibits a Workmen's Compensation insurance carrier from placing certain conditions on the payout under its policy. Similarly, the statutory payout "condition" of § 8–50–103 is unrelated to the question of who is paying the cost of maintaining the insurance.

 Finally, claimant takes the position that the 100% offset provision of § 8–50–103, constitutes a denial of equal protection inasmuch as the benefits to disabled individuals are offset by only 50%. Because there is no suspect classification created by the challenged section, we are obligated to uphold the statute unless it creates a classification that is arbitrary and utterly lacking in rational justification. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Johnson v. Division of Employment*, 191 Colo. 38, 550 P.2d 334 (1976). Moreover, we must begin by presuming that the challenged statute is valid. *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Mr. Lucky's, Inc. v. Dolan*, 197 Colo. 195, 591 P.2d 1021 (1979).

 We note initially that the prevention of duplication of benefits has been recognized as a legitimate goal and that a coordination of various state and federal programs into a single system of wage-loss protection has been held to be rationally related to the offset scheme. *Richardson v. Belcher, supra; Estate of Baker*, 222 Kan. 127, 563 P.2d 431 (1977).

Claimant suggests that the death benefit offset should not exceed 50%, arguing that the General Assembly has created an irrational distinction between those who are injured and those who are killed in work-related accidents. Colorado has impliedly recognized the validity of the injury versus death classification in the context of the prohibition of punitive damages in wrongful death actions. *See Jones v. Hildebrant, supra.* Moreover, even in complete wage-

**50**

loss situations, there is a very obvious distinction between death and injury. The continuing costs associated with caring for a disabled person simply do not attend death. A family whose wage earner is disabled will often bear medical and rehabilitation expenses in addition to regular living expenses. By contrast, death eliminates the need to expend any money on the decedent's behalf beyond funeral expenses. The General Assembly would appear to have adopted this rationale in enacting the statutory sections in question. It is not part of the judicial function to question its wisdom in so doing. *Estate of Baker, supra.*

Accordingly, we hold the offset provision of § 8–50–103, C.R.S.1973, constitutional, and affirm the order of the Industrial Commission offsetting claimant's Workmen's Compensation benefits pursuant to that statute.

The order is affirmed.

BERMAN and KELLY, JJ., concur.