**Darewood R. DUGAN, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado, State Compensation Insurance Fund, and Security Welding, Respondents.**

No. 84CA0222.

Colorado Court of Appeals, Div. II.

Oct. 18, 1984.

268

Stephan A. Tisdel, Colorado Springs, for petitioner.

William J. Baum, Richard G. Fisher, Jr., Kathleen W. Robinson, Denver, for respondents State Compensation Ins. Fund and Sec. Welding.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents.

SMITH, Judge.

Claimant, Darewood R. Dugan, seeks review of a final order of the Industrial Commission awarding him temporary total disability benefits based on a wage rate of $3.00 per hour. We affirm.

The pertinent facts are undisputed. The claimant had been employed as a carpenter for approximately twenty years and was employed by a construction company from 1981 until February 1982 at a wage of $17.60 per hour or $383.22 per week. In February 1982 claimant was laid off, and because carpenter jobs were scarce, he found work as a welder at $3.00 per hour or $120 per week.

On March 2, 1982, after claimant had been employed as a welder for two days, he was injured. Following a hearing on the issue of compensability and entitlement to benefits, the insurer admitted liability for the accident and for temporary total disability benefits based on claimant's wages at the time of injury, *i.e.*, $3.00 per hour. Claimant contested the admission of liability, contending that his employment as a welder was stop-gap employment and that, because of his experience and training, compensation based on the wage rate of $3.00 per hour would not *fairly* compute his average weekly wage. Relying on § 8–47–101(4), C.R.S., claimant asserted that compensation should be awarded based on a wage rate of $17.60 per hour.

The hearing officer agreed with claimant and awarded him his medical expenses and temporary total disability based on a weekly wage of $383.22. The hearing officer found that claimant "was supplementing his income between jobs and because of the fall, he was forced to live on benefits at the $3.00 an hour rate" and that § 8–47–101, C.R.S. (1983 Cum.Supp.) "clearly demands that the inequity be considered in favor of the claimant."

Relying upon § 8–47–101(2), C.R.S. (1983 Cum.Supp.), which states that wages "shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury....," the Commission reversed the hearing officer's ruling and ordered that the claimant's average wage for benefit purposes was $120 per week.

On review, claimant contends that the Commission erred in concluding that the provisions of § 8–47–101(2), C.R.S. (1983 Cum.Supp.) were controlling in this case and that it was not within the Commission's power to reverse the hearing officer's discretionary application of § 8–47–101(4), C.R.S. We disagree.

Section 8–47–101(4), C.R.S. on which the hearing officer relied, provides that where the methods provided in § 8–47–101(3) C.R.S. for computing the average weekly wage:

"will not fairly compute the average weekly wage, the division, in each particular case, may compute the average weekly wage of said employee in such other manner and by such other method as will, in the opinion of the director based upon the facts presented, fairly determine such employee's average weekly wage."

Here, however, an appropriate method for computing claimant's weekly wage is provided in § 8–47–101(3)(d), C.R.S. (1983 Cum.Supp.). The employer agreed to pay, and claimant had agreed to accept, work at the rate of $3.00 per hour. There is no indication that claimant would have either been paid more than the $3.00 per hour or have quit his employment within a short period of time. Furthermore, it would be inequitable to the employer for compensation to be awarded based on an hourly rate paid the employee by a previous employer.

The language of § 8–47–101(2), C.R.S. (1983 Cum.Supp.) is clear and we, as well as the Commission, are governed by that language. *See Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973). Accordingly, the Commission did not abuse its discretion in reversing the hearing officer's application of § 8–47–101(4), C.R.S.

Order affirmed.

KELLY and STERNBERG, JJ., concur.