Nancy BOEHM; Brenda Boehm, a minor, by and through her mother and next friend, Nancy Boehm; Kevin Boehm, a minor, by and through his mother and next friend, Nancy Boehm; and Michael Boehm, a minor, by and through his mother and next friend, Nancy Boehm, Petitioners,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Division of Labor, Department of Labor and Employment, State of Colorado; Major Medical Insurance Fund, Division of Labor, Department of Labor and Employment, State of Colorado; Robert J. Husson, as Director, Division of Labor, and as Administrator, Major Medical Insurance Fund; J.B. Montgomery, Inc.; and Great West Casualty Company, Respondents.

No. 85CA1650.

Colorado Court of Appeals, Div. I.

March 26, 1987.

Rehearing Denied April 16, 1987.

Certiorari Denied (Boehm) June 22, 1987.

Tallmadge, Tallmadge, Wallace & Hahn, P.C. C. Thomas Bastien, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents Industrial Com'n, Div. of Labor, Major Medical Ins. Fund, and Robert J. Husson.

Anderson, Campbell and Laugesen, P.C., Robert L. McGahey, Jr., Denver, for respondents J.B. Montgomery, Inc., and Great West Cas. Co.

CRISWELL, Judge.

Nancy, Brenda, Kevin, and Michael Boehm (petitioners) seek review of a final order of the Industrial Commission (Commission) which determined that the amount of their workmen's compensation benefits, payable as a result of the death of Ronald Boehm, was to be reduced by the amount of social security death benefits payable to them. We affirm.

Ronald Boehm was injured in the course of his employment and subsequently died as a result of the injury. Thereafter, the Commission determined that petitioners were entitled to death benefits pursuant to § 8–50–103, C.R.S. (1986 Repl.Vol. 3B). As set forth in that statute, however, the Commission further ordered that petitioners' benefits were to be reduced by the amount of social security benefits they were eligible to receive.

In seeking review of this order, petitioners raise two issues. Petitioners attack the constitutionality of § 8–50–103, and, alternatively, they contend they are entitled to a retroactive application of the decision in *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231 (Colo.1984).

I.

Section 8–50–103, C.R.S. (1986 Repl.Vol. 3B), provides that death benefits payable under the Workmen's Compensation Act are to be reduced, dollar for dollar, by any periodic death benefits payable under the federal old age, survivors and disability insurance act (social security), or by reason of the workmen's compensation laws of another state or of the federal government. In contrast, § 8–51–101, C.R.S. (1986 Repl. Vol. 3B), requires that only an amount equal to 50% of the amount received as social security benefits is to be deducted from the workmen's compensation benefits payable to an employee for temporary or permanent disability. In *Meyer v. Industrial Commission*, 644 P.2d 46 (Colo.App.

1981), we upheld the validity of § 8–50–103 against a charge that the difference between the deductions for death benefits and the deductions for disability benefits constituted a violation of the Fourteenth Amendment's equal protection clause.

■ The petitioners here raise a similar, but different, issue. They assert that § 8–50–103 denies them the equal protection of the laws, because, while the statute requires a deduction for the amount of social security benefits received, no such deduction is required from the workmen's compensation benefits received by employees of the state or local governments for similar benefits received from other sources. Such other sources include, for example, policemen's and firemen's pensions established under § 31–30–1001, et seq., C.R.S. (1986 Repl.Vol. 12B), survivor benefits for the spouse and children of deceased judges under § 24–51–612, C.R.S. (1986 Cum.Supp.), and survivor benefits for other state employees under § 24–51–804(1) and § 24–51–806, C.R.S. (1986 Cum. Supp.). We conclude, however, that the statutory distinction does not offend against equal protection considerations.

The Workmen's Compensation Act is legislation which obviously relates to the social welfare. Moreover, the two classifications at issue (those eligible to receive social security benefits and those not so eligible) are not suspect in any way. Thus, no equal protection challenge to this legislation can be sustained, so long as its goals are legitimate and its provisions are rationally related to the achievement of those goals. If the distinction between the two classifications has some rational basis, the statute is not rendered invalid merely because it may, in practice, result in some inequality. Furthermore, the equal protection clause does not require that a state "choose between attacking every aspect of a problem or not attacking it at all." *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Dawson v. Public Employees' Retirement Ass'n*, 664 P.2d 702 (Colo.1983).

The goal of the legislation here is to attempt to assure against some duplicating payments. *Meyer v. Industrial Commission, supra.* Without some program for deduction, the combined periodic benefits payable under the Workmen's Compensation Act and under social security could have exceeded, in some instances, the total wages which were being paid to an employee before his death or injury. The extent of this possible duplication of benefits is described, on a state by state basis, in *Lofty v. Richardson*, 440 F.2d 1144 (6th Cir.1971), *cert. denied*, 404 U.S. 985, 92 S.Ct. 443, 30 L.Ed.2d 369 (1971).

Consequently, not only has Colorado adopted legislation addressing this problem, but so, too, has the Congress. 42 U.S.C. § 424a provides that, if the total amount to be received as benefits under social security and under a state's workmen's compensation plan would exceed 80% of the employee's average wage, the social security benefits payable must be reduced to a point at which the combined payments will not exceed an amount equal to that percentage.

Significantly, this federal provision was originally applied only to state workmen's compensation benefits; no reduction was required in social security benefits for payments from a public or private insurance or retirement program (whether or not provided by an employer), or from any tort claim award. And, in *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971), this omission formed the basis for a constitutional challenge to the federal legislation similar to the challenge made here against § 8–50–103.

In rejecting that challenge, a majority of the supreme court noted that Congress obviously concluded that the purpose of both social security disability or survivor benefits and benefits payable under various state workmen's compensation acts was essentially the same and that the challenged deduction was designed to achieve the legitimate goal of reducing the possibility of duplicating benefits. The fact that Congress did not provide for similar deductions in the instance of benefit payments from the Veterans' Administration, the federal Civil Service Retirement program, the Rail-

road Retirement plan, or any private disability insurance program did not render the statutory provision invalid. The *Richardson* majority reasoned that, merely because a legitimate legislative goal might better be served by applying the legislation to a broader group, that fact does not invalidate a less inclusive means of achieving the same goal.

The principles relied upon in *Richardson* are controlling here. Since it is acknowledged that the goal of § 8–50–103 is a legitimate one, *Meyer v. Industrial Commission, supra,* the fact that that goal might be better achieved by also requiring a similar deduction in compensation benefits in those instances where benefits are payable from sources other than social security does not render the statute invalid.

This conclusion is particularly valid here, where the distinction drawn by the General Assembly is one, generally, between employees of private employers, on one hand, and public employees at the local and state levels, on the other. The distinction between these two classes of employees is a traditional and rational one. If the General Assembly intended that one of the employment benefits to be received by such public employees and their survivors was the payment to them of their full workmen's compensation benefits, without deduction based upon their receipt of the other benefits provided by state law, we cannot say that such a design is unconstitutionally arbitrary. *See Johnson v. Division of Employment,* 191 Colo. 38, 550 P.2d 334 (1976).

## II.

 In *Engelbrecht v. Hartford Accident & Indemnity Co., supra,* the supreme court held that the cost-of-living increases to social security benefits were not "periodic disability benefits" within the meaning of § 8–51–101, C.R.S. (1986 Repl.Vol. 3B), and, therefore, were not deductible from the amount of compensation benefits due to an injured employee.

Petitioners assert that they occupy the same status as the employee in *Engelbrecht,* and consequently, they should be treated the same. However, a review of the record presented to us discloses that, while petitioners raised the constitutional issue discussed above, they failed to raise the question of the deductibility of cost-of-living increases at any point in the administrative proceedings. Under such circumstances, we decline to apply the *Engelbrecht* decision to them.

The order is affirmed.

PIERCE and TURSI, JJ., concur.