Horace N. GREGORY, Petitioner,

v.

CROWN TRANSPORTATION, State Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 88CA1024.

Colorado Court of Appeals, Div. V.

June 8, 1989.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for petitioner.

Paul Tochtrop, Denver, for respondent State Compensation Ins. Authority.

No Appearance for respondent The Indus. Claim Appeals Office.

MARQUEZ, Judge.

Horace N. Gregory (claimant) contests the final order of the Industrial Claim Appeals Office (Panel) which upheld the order of the Administrative Law Judge (ALJ) determining that claimant's claim for benefits would not be reopened, that claimant was not entitled to vocational rehabilitation, that the insurer, State Compensation Insurance Authority, was entitled to an offset for social security disability benefits, and that claimant's average weekly wage would not be modified. We affirm.

In August 1983, claimant was declared permanently and totally disabled as a result of work-related injuries sustained in 1981. In July 1986, the insurer filed a general admission of liability claiming entitlement to a social security offset, alleging that claimant had been overpaid, and stating that no compensation benefits were due to claimant until the alleged overpayment was recovered in February 1987. It is undisputed that no petition for modification of claimant's benefits was ever filed by the insurer subsequent to the initial order of August 1983.

In October 1986, claimant filed a petition to reopen the claim, alleging mistake and procedural irregularity in connection with computation of his average weekly wage and fringe benefits and that the insurer's suspension of his benefits was illegal. The petition also alleged that claimant's physical condition had improved. However, no physician's report was filed with the petition. At hearing on the petition, claimant also asserted that because his condition had improved, he was entitled to vocational rehabilitation efforts to return him to the work market.

I.

Claimant contends that it was error to allow the insurer to offset his social

security disability benefits without having filed a petition to modify. We disagree.

Here, § 8–51–101(1)(c), C.R.S. (1988 Cum. Supp.) mandates an offset for social security disability benefits which may be claimed for the workmen's compensation benefits already paid. *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988). Furthermore, the insurer was not required to file a petition to modify.

## II.

■ We also disagree with claimant's contention that it was error to refuse his request for a modification of his average weekly wage to include employer's FICA contribution.

Claimant cites no authority in support of his position. We conclude that employer FICA tax payments are not "wages" under § 8–47–101(2), C.R.S. (1988 Cum.Supp.) which states in pertinent part as follows:

"Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of injury, either express or implied ... but the term 'wages' shall include the reasonable value of board, rent, housing, lodging, or any other similar advantages received from the employer, the reasonable value of which shall be fixed and determined from the facts by the division in each particular case...."

The employer's payments imposed by the federal government pursuant to 26 U.S.C. § 3111 (1982) are a tax calculated as a percentage of the employee's wages. There is no evidence that the employer's FICA payments were bargained for or meet the statutory criterion of being a "money rate at which the services rendered are recompensed under the contract for hire at the time of the injury...." *See Dugan v. Industrial Commission,* 690 P.2d 267 (Colo.App.1985). Further, they are not an advantage received from the employer that may be assigned an economic value; hence, such payments are distinguishable from "board, rent, housing, lodging, or any other similar advantages." *Cf.*

*Murphey v. Ampex Corp.,* 703 P.2d 632 (Colo.App.1985) (the value of insurance benefits was undisputed and was therefore included as "wages"). Therefore, the ALJ and Panel did not err in disallowing a modification of average weekly wage to include FICA benefits.

## III.

■ Claimant next contends that the ALJ erred in requiring him to file a petition to reopen on the issue of vocational rehabilitation, arguing that because permanent total disability benefits are ongoing, the case remains open. We disagree.

The 1983 order which determined claimant's permanent total disability was a final "award" within the meaning of § 8–53–113, C.R.S. (1986 Repl.Vol. 3B), then in effect, and the fact that benefits continued to be paid pursuant to that order does not affect its finality. *See* § 8–53–114, C.R.S. (1986 Repl.Vol. 3B) (repealed June 11, 1988); *Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985). As the Panel noted, the ALJ could conclude that she was bound by the prior order until claimant filed a petition to reopen in compliance with § 8–53–113 and applicable administrative rules.

## IV.

■ Finally, we reject claimant's contention that the ALJ abused her discretion by denying his petition to reopen for failure to submit a physician's report. The Panel correctly determined that in so doing the ALJ did not abuse her discretion. *See Osborne v. Industrial Commission,* 725 P.2d 63 (Colo.App.1986).

## V.

■ The employer and its insurer argue this petition for review should be dismissed for failure to name the Major Medical Insurance Fund as a party. As noted by the Panel, the order admitting claimant to the Major Medical Insurance Fund was issued after the ALJ's order was entered. Further, in light of the disposition we have

reached, this contention is without significance since the Fund can be joined as a party on any subsequent petition to reopen.

Order affirmed.

METZGER and JONES, JJ., concur.