Paul **SAMPSON**, Petitioner,

v.

**WELD COUNTY SCHOOL DISTRICT; State Compensation Insurance Authority; Robert Husson, Director of the Division of Labor; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 89CA0023.

Colorado Court of Appeals, Div. I.

Sept. 7, 1989.

Rehearing Denied Oct. 5, 1989.

Certiorari Denied Jan. 16, 1990.

ment with that entity, he was covered under the Public Employees Retirement Association (PERA) retirement program. The employer made contributions to PERA and was not required to pay Social Security taxes on claimant's earnings.

The claimant was not "vested" in PERA at the time of the injury, and his PERA contributions were returned to him. Subsequently, the claimant was found eligible for Social Security disability benefits attributable to his disability arising from the industrial injury.

The employer and State Compensation Insurance Authority claimed a right to offset the Social Security disability benefits against the claimant's workmen's compensation disability benefits pursuant to § 8–51–101(1)(c). The Administrative Law Judge (ALJ) agreed and granted the offset, concluding that § 8–51–101(1)(c) does not require that the Social Security taxes be paid by the employer at the time of the injury in order to be entitled to the offset. The Panel affirmed.

Steven R. Bristol, Greeley, for petitioner.

Paul Tochtrop, Denver, for respondents State Compensation Ins. Authority and Weld County School Dist.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Indust. Claim Appeals Office and Robert Husson.

Opinion by Judge PIERCE.

Paul Sampson (claimant) contests a final order of the Industrial Claim Appeals Office (Panel) which held that § 8–51–101(1)(c), C.R.S. (1988 Cum.Supp.) allows an offset for Social Security disability benefits against workmen's compensation benefits even though the claimant's present employer did not pay social security taxes. We affirm.

Claimant sustained an industrial injury while working for Weld County School District RE–1 (employer). During his employ-

I.

On review, claimant contends that the Panel erred in its determination that § 8–51–101(1)(c) allows an employer who did not pay Social Security taxes to take an offset against workmen's compensation benefits for Social Security benefits paid to claimant. We disagree.

The pertinent portion of § 8–51–101(1)(c) provides that, if Social Security disability benefits are "payable to an individual," then:

"the aggregate benefits payable for ... permanent total disability ... pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits."

As noted by the ALJ and the Panel, § 8–51–101(1)(c) does not contain an explicit requirement that the offset is dependent on the employer having paid Social Security taxes. We decline to read such a requirement into the statute.

We also note that under § 8–51–101(1)(d)(I), C.R.S. (1988 Cum. Supp.), in order to take an offset for disability benefits payable under a pension or disability plan, the employer must have financed the plan "in whole or in part." The omission of the requirement of employer funding from § 8–51–101(1)(c) further persuades us that such a requirement was not intended.

This interpretation is consistent with *Johnson v. Industrial Commission*, 761 P.2d 1140 (Colo.1988) which determined that the purpose of § 8–51–101(1)(c) was to prevent a worker from:

> "receiving benefits from two different sources while experiencing in fact only one wage loss ... [and] to coordinate the disability provisions of Colorado's worker's compensation statute with the disability provisions of the Social Security Act...."

## II.

 Claimant also challenges the constitutionality of 8–51–101(1)(c) as violating both federal and state equal protection and due process guarantees because the employer, and not the employee, is granted a benefit. We disagree.

In assessing such constitutionality, we first presume that the challenged statute is valid. *See Meyer v. Industrial Commission*, 644 P.2d 46 (Colo.App.1981). Moreover, there is no suspect classification created by the challenged section, and therefore, we must uphold the statute unless it creates a classification that is arbitrary and utterly lacking in rational justification. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

The prevention of duplication of benefits has been recognized as a legitimate state goal. *See Meyer v. Industrial Commission, supra.* Also, coordination of state and federal disability programs has been held to be rationally related to offset provisions. *See Johnson v. Industrial Commission, supra.*

Therefore, we rule that the offset provision of § 8–51–101(1)(c) is constitutional, and accordingly, the Panel's order offsetting claimant's workmen's compensation disability benefits pursuant to that statute is affirmed.

JONES and NEY, JJ., concur.