**Jerry L. FLOYD, Petitioner,**

v.

**AMF TUBOSCOPE, INC., Insurance Company of North America, the Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.**

No. 89CA1833.

Colorado Court of Appeals, Div. II.

Nov. 23, 1990.

Rehearing Denied Jan. 17, 1991.

Certiorari Denied Sept. 16, 1991.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, for petitioner.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Lydia W. Daugherty, John G. Napier, Denver, for respondents AMF Tuboscope, Inc., and Ins. Co. of North America.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge ROTHENBERG.

In this workers' compensation case, claimant, Jerry L. Floyd, contests a final order of the Industrial Claim Appeals Office (Panel) determining that his employer's FICA tax payments are not included in claimant's average weekly wage. We affirm.

In *Gregory v. Crown Transportation*, 776 P.2d 1163 (Colo.App.1989), we held that an employer's FICA tax payments do not qualify as an "advantage" within the statutory definition of wages under § 8–47–101(2), C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–40–201(19), C.R.S. (1990 Cum.Supp.)). *Gregory* is dispositive of claimant's contention that such contributions should be included in his weekly wage.

Claimant's next contention is that, excluding the FICA tax from the definition of wages under § 8–47–101(2), while granting the employer an offset for social security benefits under § 8–51–101(1)(c), C.R.S. (1986 Repl.Vol. 3B) (now codified as § 8–42–103(c)(I), C.R.S. (1990 Cum.Supp.)), denies him equal protection of the law. We rejected a similar challenge to § 8–51–101(1)(c) in *Sampson v. Weld County School District*, 786 P.2d 488 (Colo.App. 1989), and that ruling is dispositive of this equal protection argument.

Claimant's final argument is that divisions of this court, in published and

unpublished opinions, have made a distinction between PERA contributions and FICA taxes, and this distinction violates his right to equal protection by favoring disabled employees who receive PERA benefits and discriminating against those who receive social security benefits. We have examined all relevant cases and we perceive no denial of equal protection.

■ This court has the authority to pass on the constitutionality of actions by the Industrial Claims Appeals Office, *see Neoplan USA Corp. v. Industrial Claim Appeals Office*, 778 P.2d 312 (Colo.App. 1989) and § 8–43–307, C.R.S. (1990 Cum. Supp.), and because the equal protection challenge here involves neither a suspect classification nor an infringement of a fundamental right, we must apply the "rational relationship" test in determining the statute's constitutionality. *See Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976)

■ Under that test, a statutory classification is valid unless it has no rational basis or is not rationally related to a legitimate state interest. Thus, the provision challenged here cannot be invalidated if there is any reasonably conceivable set of facts that would lead to the conclusion that the classification created meets the rational relationship standard. *Kinterknecht v. Industrial Commission*, 175 Colo. 60, 485 P.2d 721 (1971); *In re Claim of Woloson v. Department of Labor & Employment*, 796 P.2d 1 (Colo.App.1989).

We find essential differences between PERA and social security retirement and disability benefits.

■ The federal social security system is funded by taxes levied upon all workers in covered employment, *see* 42 U.S.C. 301, et seq. (1988), but employees subject to the FICA tax under 26 U.S.C. § 3101, et seq. (1988) have no vested right to social security benefits. Rather, the social security system is a form of social insurance and entitlement to benefits is subject to divestment by federal legislation. *See Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960) (termination of alien's social security benefits after his deportation did not deprive him of a property right in violation of Fifth Amendment due process clause).

■ In contrast, PERA is a pension plan funded by contributions from governmental employees and their employers. PERA members have, at the very least, a vested right in their own contributions, *In re Marriage of Pope*, 37 Colo.App. 237, 544 P.2d 639 (1975), and when members have fulfilled the plan's service requirements, a vested right to benefits results from employers' contributions. *Taylor v. Public Employees' Retirement Ass'n*, 189 Colo. 486, 542 P.2d 383 (1975).

These differences support a rational basis for distinguishing between FICA taxes and employers' PERA contributions. The distinction is also reasonably related to the goal of insuring that compensation benefits are properly computed under § 8–47–101(2), C.R.S. (now codified as § 8–40–201(19), C.R.S. (1990 Cum.Supp.)). We therefore conclude that the present statutory scheme fulfills legitimate state objectives and does not violate equal protection. *See Sampson v. Weld County School District, supra.*

The order is affirmed.

SMITH and DUBOFSKY, JJ., concur.