CIRCLE K CORPORATION and Home Insurance Company, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and G. Thomas White, Respondents.

No. 90CA0900.

Colorado Court of Appeals, Div. II.

March 14, 1991.

Halaby & McCrea, Thomas L. Kanan, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Norton Frickey & Associates of Colorado Springs, P.C., Cameron Curry, Colorado Springs, for respondent G. Thomas White.

Opinion by Judge JONES.

■ Petitioners, Circle K Corp. and Home Insurance Co., seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that petitioners were not entitled to an offset pursuant to § 8–51–101(1)(e), C.R.S. (1986 Repl.Vol. 3B) (now codified with additions at § 8–42–103, C.R.S. (1990 Cum.Supp.)) for federal workers' compensation benefits G. Thomas White (claimant) received for a subsequent injury. We affirm.

Claimant suffered separate back injuries in 1979, 1985, and 1987. The 1985 injury occurred while claimant was employed by Circle K. In 1986, Circle K admitted that the 1985 injury was a covered injury. Claimant sustained the 1987 injury during his employment with the Internal Revenue Service.

Claimant's physician assigned claimant a 10% permanent impairment rating for all three injuries and opined that 3⅓% permanent impairment was due to each injury. The Administrative Law Judge (ALJ) found that claimant's permanent impairment rating of 3⅓% attributable to the 1985 injury equalled claimant's industrial disability.

In awarding benefits, the ALJ found that petitioners were not entitled to an offset in the amount of claimant's federal workers' compensation benefits because these benefits compensated claimant solely for the 1987 injury he sustained while working for a different employer, and not for the 1985 injury. The Panel affirmed.

On review, petitioners contend that they are entitled to an offset pursuant to § 8–51–101(1)(e), C.R.S. (1986 Repl.Vol. 3B) for the federal workers' compensation benefits claimant received. Without the offset, petitioners argue that claimant will receive duplicative benefits. We disagree.

■ Section 8–51–101(1), C.R.S. (1986 Repl.Vol. 3B) generally provides that benefits received under the Colorado Workers' Compensation Act shall be offset when an injured worker receives various types of other disability benefits. Section 8–51–101(1)(e) provides as follows:

"In cases where it is determined that periodic disability benefits are payable to an individual and his dependents pursuant to a workmen's compensation act of another state or of the federal government, the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal to the benefits payable pursuant to such other workmen's compensation act."

Although § 8–51–101(1)(e) has not been judicially interpreted, the intent of the other subsections is to prevent duplicative awards. *Sampson v. Weld County School District*, 786 P.2d 488 (Colo.App.1989); *see* 4 A. Larson, *Workmen's Compensation Law* §§ 97.00 and 97.10 (1990).

Cases construing these other subsections involve situations in which a claimant receives dual benefits for the same injury. *See Johnson v. Industrial Commission*, 761 P.2d 1140 (Colo.1988) (duplication of benefits occurs when an injured worker receives "both workers' compensation and [other] benefits for the *same* disabling injury" (emphasis added)); *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231, 233 (Colo.1984) (the legislative intent of the social security offset, is "to prevent double awards").

Likewise, we conclude that § 8–51–101(1)(e) was designed to prevent an injured worker from receiving duplicative benefits for the same disabling injury.

*See* Tape Recordings of the House Committee on Business Affairs and Labor on H.B. 1189, February 16, 1978, 51st General Assembly, 2d Regular Session.

Here, the ALJ found that the federal workers' compensation benefits compensated claimant for loss of earning capacity stemming from only the 1987 injury. The ALJ apportioned the 10% impairment rating by concluding that the 1985 injury sustained with Circle K entitled claimant to a 3⅓% permanent impairment. Therefore, claimant has not been awarded duplicative benefits because the award here compensated claimant for loss of earning capacity associated with only the 1985 injury. *See Johnson v. Industrial Commission, supra.* Thus, petitioners are not entitled to the offset provided in § 8–51–101(1)(e).

The order of the Panel is affirmed.

RULAND and HODGES,* JJ., concur.