**Gary M. GARRETT, Petitioner,**

v.

**ARROWHEAD IMPROVEMENT ASSO- CIATION, the Industrial Claim Appeals Office of the State of Colorado, Robert Husson, as the Director, Colorado Division of Labor, Workers' Compensation Section, and the State Compensation Insurance Authority, Respondents.**

**No. 89CA1752.**

Colorado Court of Appeals, Div. II.

March 28, 1991.

Rehearing Denied April 25, 1991.

Certiorari Granted Aug. 26, 1991.

Withers, Seidman & Rice, P.C., Charles E. Withers, Grand Junction, for petitioner.

Paul Tochtrop, Denver, for respondents Arrowhead Imp. Ass'n and State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solr. Gen., Michael J. Steiner, First Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge SMITH.

Petitioner, Gary M. Garrett, seeks review of an order of the Industrial Claim Appeals Office (Panel) denying his petition to reopen his workers' compensation claim on the ground that the petition was untimely filed. We affirm.

Claimant sustained an admitted industrial injury to his lower back in December 1980. In a final order dated June 7, 1985, he was awarded permanent partial disability in the amount of $12,046.94 payable at $84 a week commencing January 18, 1984. Respondents were also ordered to "pay for

the necessary medical, surgical and hospital expenses as a result of this accident." The award did not, however, provide for future medical treatment. That award was not appealed. The final payment of permanent disability under this award was made on September 10, 1986.

On November 25, 1988, claimant, who in the interim had moved to California, filed a petition to reopen his claim asserting that his condition had worsened. Claimant requested additional disability benefits *and* medical benefits. At the hearing on the claim, an Administrative Law Judge (ALJ), ultimately found that the award of June 7, 1985, was a final award and therefore whether additional benefits could be awarded was governed by Colo.Sess.Laws 1988, ch. 50, § 8–53–113. That statute required a claimant to file a petition to reopen within two years of the last disability payment (here, by September 10, 1988), or in the case of medical benefits, within two years after the last such payment was due and payable.

The ALJ concluded that claimant was not entitled to additional *disability* benefits because his petition to reopen was filed on November 25, 1988.

As to claimant's additional request for *medical* benefits however, the ALJ found that respondents had authorized additional medical treatment for claimant in October of 1988 at the request of claimant's California physician, Dr. Da Silva. He thus concluded that for the purpose of awarding additional medical benefits under § 8–53–113(2)(b), claimant's petition to reopen was timely and should be granted. The portion of the ALJ's order awarding additional *medical* benefits was affirmed by the panel and has not been appealed.

On this review, the claimant contends that the respondents should be estopped from asserting the two-year statute of limitations or, in the alternative, that the two-year statute should be tolled so as to allow him to reopen his claim for additional disability benefits. We disagree.

■ The record supports the findings of the ALJ and the Panel that claimant's case was closed on June 7, 1985, *see Gregory v.*

*Crown Transportation,* 776 P.2d 1163 (Colo.App.1989), and that the June 1985 order did not require respondents to provide for claimant's future medical treatment. *See Grover v. Industrial Commission,* 759 P.2d 705 (Colo.1988). Accordingly, the claimant had no basis for believing that he was entitled to additional medical diagnosis or treatment after June 1985. Nevertheless, we also agree that, by *voluntarily* authorizing additional medical treatment for claimant, respondents effectively extended the time within which claimant could file a petition to reopen for additional medical benefits until October of 1990. *See* § 8–53–113(2)(b).

However, we agree with the ALJ and Panel that a different result must be reached as to claimant's petition to reopen for additional *disability* benefits. The record reflects that respondents received an unsolicited copy of a medical report from Dr. Da Silva which was dated July 12, 1988, and which stated that claimant was experiencing increased pain and discomfort. Dr. Da Silva requested authorization from respondents to treat claimant and to perform some additional tests. In October of 1988, respondents authorized one of the treatments requested by Dr. Da Silva.

■ The record does, as asserted by claimant, reflect that, because of an administrative oversight by respondents, claimant was not sent or given a copy of Dr. Da Silva's report until January of 1989, when it was produced at the hearing on claimant's motion to reopen. Claimant thus contends that the respondents' failure to furnish him with a copy of Dr. Da Silva's report between July 1988 and January 1989 tolls the statute governing the time for filing his petition to reopen as to disability benefits and that therefore his petition filed in November 1988 was timely. We disagree.

Here, there is no evidence that the respondents authorized or requested Dr. Da Silva's July 1988 medical report, or that they intentionally withheld that report from claimant. Rather, it is apparent that nearly two years had elapsed after claim-

ant's last disability payment when claimant sought treatment from Dr. Da Silva in California.

Further, there was no evidence presented that claimant delayed the filing of his petition to reopen because he was waiting for a written report from Dr. Da Silva. Nor is there evidence that, absent the report, claimant lacked a basis for asserting a change in his physical condition.

Therefore, while we agree that respondents had a duty to provide claimant with a copy of Dr. Da Silva's report, *see* Department of Labor & Employment Rule XI(M), 7 Code Colo.Reg. 1101–3, we also agree with the conclusion of ALJ and the Panel that there is no basis here for tolling the two-year time requirement for reopening the issue of permanent disability, *see* § 8–53–113(2)(a), C.R.S. (1990 Cum.Supp.), and no basis from which to conclude that respondents should be estopped from asserting the two year statute of limitations as a defense. We find no error in the Panel's conclusion that since the claimant here failed to demonstrate prejudicial harm, the respondents' failure to provide claimant with a copy of his own physician's (Dr. Da Silva's) 1988 report, as required by the Industrial Commission Rules is harmless error. *See* § 8–53–122, C.R.S. (1986 Repl. Vol. 3B).

Claimant's final contention is that the case should be remanded to the ALJ for an evidentiary hearing and findings of fact on the question of whether claimant relied on the respondents to provide him with a copy of Dr. Da Silva's report.

This issue of reliance was not raised before the Panel and, thus, was not preserved for appellate review. *See Apache Corp. v. Industrial Commission*, 717 P.2d 1000 (Colo.App.1986). Nevertheless, we note that the ALJ impliedly found that, since the respondents had no obligation to provide the claimant with additional medical benefits, claimant's asserted reliance, if any, on the respondents' obligation to provide Dr. Da Silva's report was neither justified nor detrimental. Thus, in effect, the ALJ did consider the reliance issue here and made an implied finding adversely to claimant on that issue.

The order is affirmed.

ROTHENBERG, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

On August 12, 1988, employer and its insurer, State Compensation Insurance Authority, received a medical report from Dr. Da Silva, claimant's treating physician, dated July 12, 1988. A copy of this report was not forwarded to either claimant or his attorney. Claimant's attorney first learned of Dr. Da Silva's report during a workers' compensation hearing on January 10, 1989. Prior to that time, respondent had indicated that it had no new medical reports.

Claimant filed his petition to reopen his claim on November 25, 1988. Under Colo. Sess.Laws 1988, ch. 50, § 8–53–113 at 387, a petition to reopen must be filed within two years of the last disability payment. Because the last disability payment was September 10, 1986, the last time for claimant to file to reopen for additional disability benefits because of a worsening condition was September 10, 1988.

At the January 10, 1989, hearing the Administrative Law Judge (ALJ), upon learning of the report and its transmittal date, stated:

"As far as I am concerned this [July 12, 1988 Da Silva] report establishes a worsening of condition and had [claimant and counsel] had possession of this report and had it been attached to the petition to reopen the claim you would have satisfied the jurisdictional requirement of the petition ... there is no explanation to me why this was not provided to you as required by the Rules. As far as I am concerned this constitutes a worsening of condition. This constitutes compliance with the Rule if it would have been attached to the petition to reopen the claim. Certainly, it was available a long time before the petition to reopen the claim was filed in this matter."

At the same hearing, the ALJ stated that because of claimant's worsening condition he was entitled to temporary total disability benefits.

Apparently in response to a communication from the employer/insurance company after the January 10, 1989, hearing, the ALJ, in his written order of March 16, 1989, determined that the time for reopening the disability benefits part of the case had expired and that, therefore, the November 25, 1988, petition was untimely and thus was denied. The decision of the ALJ was affirmed by the Panel on October 2, 1989.

I would set aside the Panel's order. The rules which govern workers' compensation proceedings are explicit in requiring that each party promptly provide a copy of any pertinent medical report to the other parties and the division. Department of Labor & Employment Rule XI(M), 7 Code Colo. Reg. 1101–03. Here, the ALJ found that employer's failure to do so was without justification. Therefore, it violated the rules and regulations of the Industrial Claim Appeals Office.

The majority indicates that the employer was not obligated to provide Dr. Da Silva's report to claimant because the employer was no longer obligated to pay medical benefits. Department of Labor & Employment Rule XI(M) states that each party *shall* exchange with all counsel of record as well as filing with the Division of Labor a copy of each medical report which contains a narrative history or any other information germane to the past, present, or future condition of the claimant.

Clearly this rule does not, as suggested by the majority, limit the responsibility of an employer to provide copies of medical information because the claimant no longer has the right to medical benefit payments.

In my view, claimant did have a justified expectation of receiving this report from claimant. First, the plain language of the rule required the employer to provide it to claimant. Second, the report contained medical information which pertained both to claimant's present medical situation (in-cluding treatment) and to his right to re-open his claim and receive additional compensation because of a worsening medical condition. In my opinion, there is a continuing duty imposed upon parties to provide such pertinent information and a claimant has a right to rely on the employer's fulfillment of its responsibilities under the Workers' Compensation Act.

The ALJ initially stated that the contents of the report justified both a reopening and an award of disability benefits. The record is also clear that the employer and its insurer had the report from Dr. Da Silva substantially before the September 10, 1988, deadline, and had it been properly forwarded to claimant, he would have been in a position to have filed the petition to reopen with an attached report.

Claimant argues that the failure to provide this report and its resulting prejudice to him should toll the statute of limitations. In my view, such contention raises an important question of first impression in Colorado.

As noted above, under Department of Labor & Employment Rule XI(M), there is an explicit obligation for the parties to disclose and provide a medical report which deals with claimant's condition. Under such circumstances, the failure to follow this legal requirement can result in a tolling of the time period for reopening the statute. 3 A. Larson, *Workmen's Compensation Law*, § 81.24(a) (1989).

Moreover, if there has been a fraudulent or willful concealment of such information, the statute is also tolled. 3 A. Larson, *Workmen's Compensation Law* § 81.24 (1989); *see Priest v. Exposition Cotton Mills*, 86 Ga.App. 301, 71 S.E.2d 743 (1952).

Here, within the two-year period permitted for reopening a disability claim because of a worsening condition, the employer/insurer received an updated medical report from a physician who had recently examined claimant. The medical report indicated the worsening of claimant's position and the employer/insurer, in violation of the Department of Labor & Employment rules, failed to provide the report to claimant in a timely manner. In my opinion, this

set of circumstances extends, as a matter of law, the time for claimant to reopen until he received the report.

The majority argues, however, that claimant failed to prove he was prejudiced by not receiving the report or, since medical benefits were no longer owing, he had no right to rely on the employer to provide the report. I believe the relevant facts here are undisputed, and we can determine as a matter of law that claimant is entitled to reopen his claim. However, if claimant has, as the majority argues, failed to make an adequate showing of prejudice or reliance on the employer's failure to provide a report, it is because the circumstances here have effectively precluded him from doing so.

The claimant did not receive Dr. Da Silva's report until the hearing on his petition to reopen. At that hearing, when the ALJ learned of the report and its date, he strongly indicated that he would rule in favor of claimant's petition to reopen because of the report's contents and the employer's failure timely to provide it to claimant.

Under these circumstances, there was neither opportunity nor reason for claimant to present evidence upon these issues. Nevertheless, if the majority is concerned about the actual prejudice to claimant from not receiving the report earlier, rather than claiming a failure of proof by him, this matter should be remanded for an evidentiary hearing and a determination by the ALJ on the issue of prejudice and reliance.

Employer concedes that it may be necessary to toll a claimant's time for filing to reopen if an employer fails to provide medical reports when it is required to do so under the rules. However, here, employer argues that the information in the July 12, 1988, report is not significant and is similar to information contained in an earlier medical report which claimant had. Therefore, employer argues that, as a matter of law, the information in the July 12, 1988, report would not have caused claimant to file his reopening petition in a timely manner and, thus, that there is no prejudice to him by virtue of his non-receipt of the report.

I do not agree with employer that the facts here dictate a determination, as a matter of law, that the information in the report would not have caused claimant's counsel to file his petition to reopen in a timely manner. Indeed, the ALJ's initial determination of the significance of this report as to both reopening and increased disability refutes employer's contentions.

To the contrary, I believe that the facts establish claimant's right to reopen the claim. If, however, as the majority claims, the evidence is insufficient to establish prejudice or detrimental reliance, the case should be remanded to the ALJ for an evidentiary hearing on this issue.