**Steven L. ROSA (Deceased), Christina Rosa, Joshua Rosa, Amber Rosa, and Nathaniel Rosa, Petitioners,**

v.

**WARNER ELECTRICAL CONTRACTING; Colorado Compensation Insurance Authority; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 91CA1523.

Colorado Court of Appeals, Div. III.

Sept. 10, 1992.

Rehearing Denied Oct. 8, 1992.

Certiorari Granted April 12, 1993.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Schur, Olive & Gavaldon, Robert Schur, Fort Collins, for petitioners.

Michael J. Steiner, Denver, for respondents Warner Elec. Contracting and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge SMITH.

Christina, Joshua, Amber, and Nathaniel Rosa (claimants), who are dependents of the deceased employee, Steven L. Rosa (decedent), challenge the constitutionality of the workers' compensation offset statute applied by the Industrial Claim Appeals Panel in determining that respondents, Warner Electrical Contracting (employer) and Colorado Compensation Insurance Authority (CCIA), are entitled to offset 100% of claimants' workers' compensation dependency benefits against their social security death benefits. We uphold the constitutionality of the workers' compensation offset statute, § 8–50–103, C.R.S. (1986 Repl. Vol. 3B) (now codified with changes at § 8–42–114, C.R.S. (1992 Cum.Supp.)).

Respondents admitted liability for decedent's fatal accident. The Administrative Law Judge (ALJ) entered an initial order awarding benefits, and the claim was later reopened to allow claimants an opportunity to address the constitutionality of respondents' offset. Both the ALJ and the Panel allowed the offset, based on the premise that they were required to apply the statute as written.

It is undisputed that, based on decedent's average weekly wage, claimants' workers' compensation benefits amount to $319.73 per week. However, since claimants' combined social security death benefits exceeded the amount of workers' compensation benefits awarded, the entire amount of the workers' compensation benefits was offset by the social security benefits.

I.

Claimants contend that the Colorado workers' compensation offset statute violates the supremacy clause because the off-

set mandated by § 8–50–103 exceeds the scope of such an offset permitted by the Social Security Act. We are unpersuaded.

The Social Security Act, at 42 U.S.C.A. § 424a(d) (1991), permits states to offset workers' compensation benefits if the state statute "under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter on the basis of wages." Section 8–50–103 provides that, when periodic death benefits under the Social Security Act "are payable to an individual and his dependents, the aggregate benefits payable for death pursuant to this section shall be reduced, but not below zero, by an amount equal to one hundred percent of such periodic benefits."

Claimants' argument is founded on the assumption that a conflict exists between these two statutes. They contend that the federal requirement that a state offset be computed "on the basis of wages" is not met by the state offset because the latter is made without regard to wages. Claimants note that, instead, the offset is made dollar for dollar on the amount of the federal benefits, and they argue, therefore, that it does not provide for reduction of workers' compensation benefits on the basis of wages.

Our comparison of the two statutes reveals no such conflict. The federal statute allows the state offset if the claimant is entitled to *"benefits* ... on the basis of wages,"* (emphasis added) and not, as claimants urge, if the *offset* is made on the basis of wages. Workers' compensation death benefits, by definition, are based upon two-thirds of the deceased employee's average weekly wage. Section 8–50–103. Accordingly, since claimants are entitled to benefits on the basis of wages, the state offset does not exceed the scope of the state offset permitted by the Social Security Act, and there is no violation of the supremacy clause.

While we acknowledge that another jurisdiction has reached a different conclusion, *see McClanathan v. Smith,* 186 Mont. 56, 606 P.2d 507 (1979), we are unpersuaded by the reasoning employed therein.

## II.

■ Claimants contend also that the state offset constitutes an equal protection violation because benefits of disabled workers are offset by only 50%, while benefits of dependents of deceased workers are offset by 100%. We disagree.

■ As a preliminary matter, we reject claimants' related contention that the statutory classification of disabled workers and dependents of deceased workers is subject to strict scrutiny.

■ Claimants argue that the offset is not gender-neutral because the majority of fatally injured workers are men, with the result being that their surviving women spouses are inordinately affected by the disparity in the percentage of offset. However, in support of this argument, claimants cite statistics which are not of record. Thus, this contention cannot be considered. *Subsequent Injury Fund v. Gallegos,* 746 P.2d 71 (Colo.App.1987); *see Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987).

■ Because there is no properly admitted evidence showing a suspect classification created by the offset provision, we must uphold the provision unless it creates an arbitrary classification which lacks rational justification. *Boehm v. Industrial Commission,* 738 P.2d 804 (Colo.App.1987).

■ We begin with the presumption that the offset provision is valid. *Meyer v. Industrial Commission,* 644 P.2d 46 (Colo. App.1981).

*Meyer, supra,* constitutes dispositive precedent holding that the 100% offset provision of § 8–50–103 does not constitute a denial of equal protection. There, we concluded that the rational basis for the distinction between the 50% and 100% offsets was that a disabled worker incurs greater expense than the dependents of a deceased worker. Hence, both offsets are rationally related to the goal of preventing duplicative benefits.

Claimants urge us not to follow *Meyer* on the basis that the recent repeal of the

100% offset, and in its stead, the enactment of a 50% offset similar to the one for disabled workers, is an indication that *Meyer* was wrongly decided. However, our inquiry here is limited to determining whether the offset furthers a legitimate state purpose in a rational manner. *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982).

 A subsequent change in legislation is not necessarily indicative of a lack of any rational basis; at best, it is an indication that the General Assembly is struggling to counter inequities or imperfection in the statutory scheme. But the existence of such imperfections, although they may result in inequalities, does not constitute a violation of constitutional magnitude so long as a rational basis exists for the discrepancy in classification. *Bellendir v. Kezer, supra.* We articulated that rational basis in *Meyer* and decline to deviate from that decision.

### III.

 We also reject claimants' final contention that the offset provision is unconstitutional because it deprives them of their property rights without due process.

Again, we follow *Meyer, supra.* In that case, we held that there is no constitutionally protected property right in workers' compensation benefits, and therefore, § 8–50–103 does not infringe upon a claimant's right to due process. Both the rational basis standard employed and the result in *Meyer* are dispositive here.

Accordingly, § 8–50–103 is without constitutional defect, and the order of the Panel is affirmed.

CRISWELL and ROTHENBERG, JJ., concur.